D. A. MacDONALD AND OMAH MacDONALD (HUSBAND AND WIFE), PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29726. Promulgated December 5, 1951.

*James A. Taylor, Esq.*, for the petitioners.
*Newman A. Townsend, Jr., Esq.*, for the respondent.

938

OPINION.

ARUNDELL, *Judge:* The respondent's determination of deficiencies in this proceeding was concededly made after the normal 3-year statute of limitations for assessment prescribed by Internal Revenue Code section 275 (a) had run. The determination, as stated in the notice of deficiency, was made under the provisions of Code section 3801.[1] That section provides for an exception to the operation of the normal period of limitations for assessment by the Commissioner, or claim for refund by the taxpayer, when certain conditions exist. It does not obliterate the generally prescribed period for either assessment (Code section 275 (a)) or refund, (Code section 322 (b)). Basic in our tax system is a period prescribed by Congress upon which both the Government and the citizen may rely in the absence of exceptional circumstances which are recognized and provided for by statute. Speaking of statutes of limitation generally, the Supreme Court in *Rothensies* v. *Electric Storage Battery Co.*, 329 U. S. 296, said:

It probably would be all but intolerable, at least Congress has regarded it as ill-advised, to have an income tax system under which there never would come a day of final settlement and which required both the taxpayer and the Government to stand ready forever and a day to produce vouchers, prove events, establish values and recall details of all that goes into an income tax contest. Hence a statute of limitation is an almost indispensable element of fairness as well as of practical administration of an income tax policy.

The intent of Congress in enacting section 3801 was in harmony with the thought expressed in the above quotation. This is clearly shown by the report of the Senate Finance Committee with respect to proposals that became section 820 of the Revenue Act of 1938, which

---

[1] This section, insofar as material at this point, provides for an additional period for determination of deficiencies under circumstances set forth therein. The notice of deficiency in this proceeding was timely under the extended period.

is now Code section 3801 (S. Rept. No. 1567, 75th Cong., 3d sess., (1938) p. 49, 1939–1 C. B. (Part 2) 815) as follows:

> The legislation here proposed is based upon the following principles:
>
> (1) To preserve unimpaired the essential function of the statute of limitations, corrective adjustments should (a) never modify the application of the statute except when the party or parties in whose favor it applies shall have justified such modification by active inconsistency, and (b) under no circumstances affect the tax save with respect to the influence of the particular items involved in the adjustment.

It is a rule long recognized that the party who invokes an exception to the basic statutory limitation period must plead it and assume the burden of proving all of the prerequisites to its application. *Farmers Feed Co.*, 10 B. T. A. 1069; *Bonwit Teller & Co.*, 10 B. T. A. 1300; *White Eagle Oil & Refining Co.*, 19 B. T. A. 185. See 34 Am. Jur., Limitation of Actions, section 451. In this proceeding, the respondent recognizes his burden and has attempted to meet it.

One of the prerequisites to the application of the exception provided for in section 3801 is the maintenance by the taxpayer, in deficiency proceedings, of a position which is inconsistent with an erroneous exclusion, inclusion, omission, allowance or disallowance, and which the Commissioner attempts to correct at a date after the expiration of the basic period. Both parties argue the matter of whether there exists an inconsistency on the part of the petitioner Omah MacDonald (1) in calling attention in the 1942–1943 proceeding to the obvious need for adjusting the 1942 opening figures on account of receivables, payables, and inventory, and (2) her reporting the income of Badcock for 1938–1940 on the cash basis.[2] For reasons hereinafter stated, we think that we need not decide the question of inconsistency of position.

If we assume, as contended by the respondent, that there was an inconsistent position on the part of Omah MacDonald as between the 1938–1940 period and the years 1942–1943, it is our opinion that the respondent still has not met his burden. Section 3801, throughout its several subsections, provides for an adjustment as to "an item" or "items" with respect to which a determination has been made. Following are some excerpts from section 3801 (emphasis added):

> Subsection (a) (1) (C)—"(i) * * * *items* with respect to which the claim was allowed * * * (ii) * * * *items* with respect to which the claim was disallowed * * *."
>
> Subsection (b) (1)—"* * * the inclusion in gross income of *an item* * * *."
>
> Subsection (b) (3)—"* * * the exclusion from gross income of *an item* * * *."

---

[2] The other petitioner, D. A. MacDonald, was a "related taxpayer" under the definition in section 3801 (a) (3).

See also the statement in the Finance Committee Report above quoted, that section 3801 is to be confined "to the influence of the *particular items* involved in the adjustment."

Subsection (d) provides for the "Ascertainment of Amount of Adjustment." One of the steps prescribed is the ascertainment of "the increase or decrease in the tax previously determined which results solely from the correct exclusion, inclusion, allowance * * * of *the item*, inclusion, deduction, credit, gain, or loss, which was the subject of the error." "The item" with respect to which a determination was made by our decision in the 1942–1943 proceeding (Docket No. 16677) was an adjustment of the 1942 opening figures of Badcock by a net amount of $18,125.59 which consisted of opening inventory ($2,745.56), accounts receivable ($16,632.32), less amounts owed on purchases, i. e., accounts payable ($1,252.29). In his determination of deficiencies in this proceeding the respondent does not attempt to trace back into the prior years the adjustment affected by our decision as to the year 1942. Instead, he has determined increases in income for the years 1938–1940 on the basis of the records of Badcock for each of those years and has computed a deficiency based on such increases. He has not determined "the increase * * * in the tax * * * which results *solely* from" the adjustment to 1942 opening figures on account of accruables and inventory at the beginning of that year, which was given effect in our decision for the 1942–1943 years. For all that we know, the 1942 adjustment may have resulted entirely from transactions that occurred in the year 1941, which is not involved in this proceeding. If so, then no part of the accruable items or inventory can properly be carried back to prior years and used to adjust income for such years.

As we read section 3801 and its legislative history, it permits the taxpayer or the Commissioner, as the case may be, to correct prior years' taxes after expiration of the normal limitation period based on specific items which have been erroneously treated due to an inconsistent position with respect to such items. Section 3801 does not purport to permit adjustments for prior years for items that are merely similar to those with respect to which a determination has been made for another year. This, in effect, is what the respondent seeks to do in this proceeding. Because the income of Badcock for 1942 was determined by taking into consideration receivables, payables, and inventories, the respondent takes the position that similar items should be taken into consideration for the earlier years.

Accordingly, we hold that the respondent has not met his burden in that he has not shown what portion, if any, of the increase in tax

determined for the years 1938–1940 results from the adjustment for the specific accruals and inventory permitted for 1942 by our determination with respect to that year. It follows that section 3801 is not available to the respondent to extend the statutory period for assessment and that assessment is barred under the provisions of section 275 (a) of the Code.

*Decision will be entered for the petitioners.*