DANNY K. MONEY, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 29229-83.        Filed July 6, 1987.

*John C. Ruckelshaus*, for the petitioner.
*Brett J. Miller*, for the respondent.

OPINION

SIMPSON, *Judge*: The Commissioner determined a deficiency of $1,691.14 in the petitioner's Federal income tax for 1980 and an addition to tax of $84.55 under section 6653(a) of the Internal Revenue Code of 1954.[1] The issue for decision is whether the mitigation provisions of sections 1311 through 1314 are applicable to a payment received by the petitioner in connection with his retirement fund.

All of the facts have been stipulated, and those facts are so found.

The petitioner, Danny K. Money, maintained his permanent residence in Lafayette, Indiana, at the time he filed his petition in this case. He filed his individual Federal income tax return for 1980 with the Internal Revenue Service Center at Memphis, Tennessee.

From 1973 through 1980, the petitioner was a first-class police officer with the police department of the city of

---

[1] All statutory references are to the Internal Revenue Code of 1954 as in effect during the year in issue, unless otherwise indicated.

Lafayette, Indiana. By Indiana statute, the petitioner was required to participate in the "1925 Police Pension Fund" (the 1925 plan). Ind. Code Ann. sec. 36-8-6 (Burns 1986 Supp.). Under that plan, an amount equal to 6 percent of the petitioner's salary was contributed to such plan. Contributions to such plan were made through the police department. The amounts contributed were set forth on the Form W-2 issued by the police department to the petitioner and were included in the petitioner's gross wages. Such contributions were $899.22 for 1980 and were $2,499 for the years 1973 through 1980. Under the 1925 plan, such contributions are forfeitable until the petitioner becomes eligible for benefits by reason of his death, disability, or retirement. Indeed, under State law, such contributions were considered gratuities from the State and not contributions from the petitioner. *Ballard v. Board of Trustees of Police Pension Fund*, 263 Ind. 79, 324 N.E.2d 813, 815-816 (1975); see also *City of Greenwood v. Smith*, 172 Ind. App. 552, 361 N.E.2d 168 (1977). In 1980, the petitioner was not eligible, under any circumstances, for any refund of the contributions made in his name.

In 1977, the Indiana State Legislature established a new pension system entitled the "1977 Police Officers' and Firefighters' Pension and Disability Fund" (the 1977 plan). See Ind. Code Ann. sec. 36-8-8 (Burns 1986 Supp.). The 1977 plan generally provided a lower level of benefits and more stringent eligibility requirements than the 1925 plan.

In 1980, due to an unfunded liability of the 1925 plan, estimated to be in excess of $1 billion, the State offered a $10,000 lump-sum payment to any first class police officer who agreed to have his pension and disability benefits computed by the procedures set forth in the 1977 plan, while remaining a member of the 1925 plan. Such lump-sum payment was an incentive intended to encourage police officers to convert to computation of benefits under the 1977 plan; it was not a distribution from the 1925 plan. The petitioner elected to have his benefits computed under the 1977 plan by filing an application for benefit conversion. The petitioner received a $10,000 check in 1980 as payment for the conversion of benefits.

On his Federal income tax return for 1980, the petitioner reported the lump-sum payment as a long-term capital gain. He reported a cost basis equal to the total contributions made on his behalf to the 1925 plan, $2,499, and a gain of $7,501. He claimed a long-term capital gain deduction of 60 percent of the gain, with the result that $3,000 of the payment was taxable.

In his notice of deficiency, the Commissioner determined that, among other things, the entire $10,000 payment was includable in income as ordinary income and that the petitioner's failure to report such payment as ordinary income was due to negligence or intentional disregard of rules and regulations within the meaning of section 6653(a). In his trial memorandum and his brief, the Commissioner did not address the negligence issue; therefore, we conclude that the Commissioner has conceded such issue.

The petitioner concedes that the lump-sum payment should have been reported as ordinary income on his tax return for 1980. However, the petitioner claims that under the mitigation provisions of sections 1311 through 1314, he is entitled to a credit on his taxes for 1980 to reflect the improper reporting of pension contributions as income for each year 1973 through 1980.

Both parties have assumed that the usual statute of limitations had run on the filing of a claim for refund with respect to the petitioner's returns for years prior to 1980. However, the petitioner is relying on sections 1311 through 1314 to mitigate the statute of limitations, and he has the burden of proving that their requirements have been satisfied. *United States v. Rushlight*, 291 F.2d 508, 514 (9th Cir. 1961); *MacDonald v. Commissioner*, 17 T.C. 934, 940 (1951), and the cases cited therein. For the petitioner to prevail, he must show that there was a determination, as defined in section 1313(a); that there has occurred one of the circumstances of adjustment described in section 1312 (see *B.C. Cook & Sons, Inc. v. Commissioner*, 65 T.C. 422 (1975), affd. per curiam 584 F.2d 53 (5th Cir. 1978)); that on the date of the determination, correction of the error was prevented by the operation of any law or rule of law (sec. 1311(a)); that the petitioner filed a claim for refund within 1 year of the determination (sec. 1314(b); see *Hartzog v.*

*United States*, 6 Cl. Ct. 835 (1984)); and that if the adjustment resulted in a credit or refund, the Commissioner maintained an "inconsistent" position which was adopted in the determination (sec. 1311(b)). See *Glatt v. United States*, 200 Ct. Cl. 84, 470 F.2d 596 (1972); *Heineman v. United States*, 183 Ct. Cl. 17, 391 F.2d 648 (1968).

Section 1313(a)(1) states that a determination is "a decision by the Tax Court or a judgment, decree, or other order by any court of competent jurisdiction, which has become final."[2] Section 7481 declares when a Tax Court decision becomes final so that the Commissioner knows that he is free to go ahead with the collection of tax. Under such section, a decision of the Tax Court becomes final in 90 days if it is not appealed. Sec. 7481(a). The petitioner has presented no evidence showing that the tax treatment of the lump-sum payment has been litigated in any forum other than the Tax Court. In addition, at the time the opinion in this case is filed, no decision has been entered by this Court concerning the petitioner and his tax deficiency for 1980. Therefore, no determination as defined in section 1313(a) has been made. Consequently, the petitioner has failed to show that he is entitled to the benefits of the mitigation provisions of sections 1311 through 1314.

The Commissioner concedes that the petitioner is entitled to deduct from adjusted gross income the contributions to the 1925 plan that were improperly included in his income for 1980. Therefore, the petitioner may reduce his adjusted gross income for 1980 by $899.22.

*Decision will be entered under Rule 155.*

[2]In addition, determination also means a closing agreement under sec. 7121, a final disposition by the Secretary of the Treasury of a claim for refund, or an agreement signed on behalf of the Secretary and the taxpayer. Sec. 1313(a). No evidence was presented concerning these types of determinations.