T.C. Memo. 1997-80

UNITED STATES TAX COURT

JUDY DAVIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11713-94.          Filed February 18, 1997.

Judy Davis, pro se.

<u>C. Glenn McLoughlin</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows:

| Year | Deficiency | Additions to Tax | |
| | | Sec. 6651(a)(1) | Sec. 6654 |
| 1990 | $27,179 | $6,795 | --- |
| 1991 | 28,752 | 7,188 | $1,656 |

All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions,[1] the issues for decision are:

(1) Whether petitioner failed to report wage income from Flair Agency, Inc. (Flair), for the years 1990 and 1991 in the amounts of $45,325 and $47,550, respectively; and

(2) whether petitioner may deduct net operating losses (NOLs) for the years 1990 and 1991 in excess of the $13,935 allowed by respondent for the year 1990.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Judy Davis resided in Edmond, Oklahoma, at the time the petition was filed. Ms. Davis did not file individual Federal income tax returns and was unmarried during the years in issue.[2]

---

[1] Petitioner in her brief states: "Petitioner for the primary purpose of resolving this matter at the trial court level, temporarily concedes all issues set out in the Trial Memorandum for Respondent filed with the Court on March 8, 1996 * * * except the following: [issues number 1 and 2 above]". As petitioner in her brief does not otherwise contest respondent's deficiency determinations or additions to tax and did not offer any evidence at trial, we conclude that petitioner has conceded the uncontested items. Money v. Commissioner, 89 T.C. 46, 48 (1987).

[2] Unless otherwise indicated, all descriptions of petitioner pertain to the 1990 and 1991 years.

Respondent's Reconstruction of Ms. Davis' and Flair's Income

Ms. Davis was a "nonselling" real estate broker licensed by the State of Oklahoma; she worked in the Oklahoma City area. Ms. Davis conducted her real estate operations primarily through Flair, an Oklahoma corporation. Flair was a cash method taxpayer that used the calendar year to compute its taxable income.[3]

Flair filed an election under section 1362 to be treated as an S corporation on January 6, 1986, and filed a U.S. Income Tax Return for an S Corporation (Form 1120S) for the year 1989. There is no evidence that Flair's S corporation election was terminated. Ms. Davis owned 60.55 percent of the stock in Flair during 1989. There is no evidence that Ms. Davis' percentage of stock ownership in Flair changed during the years in issue. Flair did not file tax returns for the years in issue.

Respondent used a bank deposits analysis to reconstruct Flair's gross receipts. Flair deposited its gross receipts into three bank accounts at First Enterprise Bank, Oklahoma City, Oklahoma.

Ms. Davis was the president of Flair and was responsible for the overall operations of the real estate company. Flair deposited corporate funds in the amounts of $45,325 and $47,550 into Ms. Davis' personal bank account at First Enterprise Bank during the years 1990 and 1991, respectively. Ms. Davis used the

---

[3] Unless otherwise noted, all descriptions of Flair pertain to the 1990 and 1991 tax years.

transferred funds to pay personal living expenses.  Ms. Davis received no other compensation from Flair.  In the notice of deficiency, respondent treated these deposits as wages to Ms. Davis, deductible by Flair.

## Unexplained Deposits

During the taxable years 1990 and 1991, Ms. Davis deposited $59,582 and $54,612, respectively, into her personal bank account at First Enterprise Bank.  Ms. Davis' deposits into First Enterprise Bank, Oklahoma City, Oklahoma, included the $45,325 from Flair for the year 1990 and the $47,550 from Flair for the year 1991.

## Country Club Properties

Ms. Davis' individual Federal income tax returns for the taxable years 1986 and 1987 included her distributive share of losses from a partnership, Country Club Properties (Country Club).  Ms. Davis' individual Federal income tax return for the taxable year 1988 did not include her distributive share of ordinary losses from Country Club.

Ms. Davis' distributive share of ordinary losses, net section 1231 gains, and income from discharge of indebtedness from Country Club for the year 1989 was:

    Net loss from rental real estate operations  ($32,691)
    Net section 1231 gain                         103,246
    Income from discharge of indebtedness         240,598

Ms. Davis' individual Federal income tax return for the year 1989 did not include the above items.

OPINION

Neither petitioner nor Flair filed income tax returns or kept accounting records other than bank statements and canceled checks for the years in issue.  Respondent's revenue agent was forced to construct records of income and expense for both petitioner and Flair.  Petitioner offered little in the way of testimony at trial and called no witnesses.  As the following colloquy between the Court and petitioner illustrates, petitioner did not dispute respondent's reconstruction of income:

> THE COURT:  Do you have any -- do you dispute as to how the revenue agent came up with his numbers?

> MS. DAVIS:  I don't know whether I have a dispute or not.  I mean, I think that he [the revenue agent] did that in a remarkably good way.  * * *  And I have absolutely no issue with Mr. Talbott [the revenue agent] or Mr. McLoughlin [respondent's counsel].

A.    Wage Issue

Petitioner argues on brief that the amounts received from Flair were either loan payments or return of capital.  Petitioner's arguments, however, incorporate facts that are not in the record.  Assertions on brief are not evidence.  See Rule 143(b).  There is no evidence in the record that the amounts received by petitioner from Flair were not compensation to petitioner.  Petitioner kept no accounting records; section 6001 requires taxpayers to maintain adequate records from which their tax liability can be determined.  Petzoldt v. Commissioner, 92 T.C. 661, 686 (1989).  Respondent's determinations in the statutory notice of deficiency are presumed to be correct.

Petitioner bears the burden of proving that respondent erred in her determination. Rule 142(a). Petitioner has failed to prove that the amounts received from Flair were not income. Consequently, we sustain respondent's determination on this issue.

B.    NOL Issue

Petitioner argues that she is entitled to an NOL carryover deduction generated by losses in Country Club. Petitioner wants the Court to allow her deductions for Country Club's losses but not to take into account the section 1231 gain or income from discharge of indebtedness shown on Country Club's 1989 tax return, which exceeded the losses. Deductions are a matter of legislative grace; petitioner has the burden of showing that she is entitled to any deduction claimed. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Petitioner offers her 1989 tax return as proof that she is entitled to a NOL deduction. A tax return is merely a statement of a taxpayer's position and is not evidence of the correctness of the figures and information contained therein. Wilkinson v. Commissioner, 71 T.C. 633, 639 (1979). Petitioner has not proved either the fact or the amount of any net operating loss for 1990 or 1991 in excess of the

amount conceded by respondent.[4]  Consequently, we sustain respondent's disallowance.

In reaching all of our holdings herein, we have considered all arguments made by petitioner and to the extent not mentioned above find them to be irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.

---

[4]  Respondent's notice of deficiency allowed petitioner a NOL deduction of $13,935 for the 1990 taxable year.  Respondent has conceded the NOL deduction allowed in the notice of deficiency.