T.C. Memo. 1997-384


UNITED STATES TAX COURT


GERALD JACOBY AND ARLENE JACOBY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7073-87.                    Filed August 21, 1997.


<u>Ira B. Stechel</u> and <u>Thomas J. Fleming, Jr</u>., for petitioner
Arlene Jacoby.


<u>Diane R. Mirabito</u> and <u>Gary W. Bornholdt</u>, for respondent.


MEMORANDUM OPINION

CLAPP, <u>Judge</u>:  This case is before us on a Motion for Award
of Reasonable Litigation Costs pursuant to section 7430 and Rules
230 through 232 filed by Arlene Jacoby (petitioner).  Gerald
Jacoby (Gerald) is not a party to this motion, and he has reached

a settlement with respondent regarding his liabilities for all taxable years.

The findings of fact underlying the substantive dispute between the parties can be found in this Court's memorandum opinion, <u>Jacoby v. Commissioner</u>, T.C. Memo. 1996-477. The issue in the underlying case was whether petitioner qualified as an innocent spouse.

Section 7430(a) authorizes the Court to award reasonable litigation costs to taxpayers who prevail against the United States in civil tax litigation. Respondent concedes that petitioner substantially prevailed with respect to the amount in controversy and with respect to the most significant issue. Sec. 7430(c)(2)(A)(ii). Respondent also concedes that petitioner has not unreasonably protracted this proceeding. Sec. 7430(b)(4). Petitioner has satisfied the so-called net worth requirement set forth in section 7430(c)(2)(A)(iii). We must decide (1) whether respondent's litigating position was "not substantially justified", as that phrase is used in section 7430(c)(2)(A)(i) (now section 7430(c)(4)(A)(i)), and (2) whether petitioner exhausted her administrative remedies as required by section 7430(b)(1). If those questions are resolved in favor of petitioner, then we must decide whether the amount of attorney's fees claimed by petitioner is reasonable.

We hold that petitioner failed to exhaust her administrative remedies.

All section references are to the Internal Revenue Code in effect for the years in issue, unless otherwise indicated, and all Rule references are to the Tax Court Rules of Practice and Procedure. References to section 7430 are to that section as amended by section 1551 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2752 (effective for proceedings commenced after Dec. 31, 1985). Section 7430 was amended most recently by the Taxpayer Bill of Rights 2, Pub. L. 104-168, secs. 701-704, 110 Stat. 1452, 1463-1464 (1996), applicable to proceedings commenced after July 30, 1996. The parties do not dispute that this proceeding was commenced before July 30, 1996.

We decide petitioner's motion on the basis of the motion, memoranda of law, and affidavits submitted by the parties. Neither party requested a hearing, and we conclude that a hearing is not necessary. Rule 232(a)(3).

We first address whether petitioner exhausted the administrative remedies available to her within the Internal Revenue Service (IRS) as required by section 7430(b)(1). Respondent contends that petitioner failed to exhaust her administrative remedies because she never requested an Appeals conference after respondent issued a 30-day letter on October 6, 1984. Petitioner does not dispute that respondent issued a 30-day letter. Petitioner makes no argument that the 30-day letter was never received either by her, Gerald, or their

representative.  We find that petitioner has conceded these matters.  Money v. Commissioner, 89 T.C. 46, 48 (1987).

The sole issue in this case was petitioner's status as an innocent spouse.  Initially, petitioner was not aware of her innocent spouse claim.  Petitioner had no representation separate from Gerald's in connection with respondent's audit of the Jacobys' U.S. individual income tax returns for the taxable years in issue, nor did she have separate representation at the time the petition was filed.  Petitioner never contested the merits of the disallowed tax shelter deductions.  It was not until petitioner obtained separate counsel that she raised her innocent spouse claim.  Petitioner averred her status as an innocent spouse in an amended petition filed April 18, 1990.

Petitioner had minimal, if any, involvement in respondent's audit of the taxable years in issue.  We found in the innocent spouse case that Gerald handled the family's financial and business affairs.  Petitioner separated from Gerald in April 1984, 7 months before respondent issued the 30-day letter.

This Court addressed similar circumstances in Burke v. Commissioner, T.C. Memo. 1995-608 (Burke I), and Burke v. Commissioner, T.C. Memo. 1997-127 (Burke II).  In Burke I, the Commissioner asserted a joint tax liability against the Burkes. Mrs. Burke successfully argued that she did not file, or consent to file, joint returns with Mr. Burke.  Burke I is relevant to the instant case in that Mrs. Burke was not involved in the audit

process leading up to the issuance of the notice of deficiency. In addition, it was not until the summer of 1993, almost a year after the Commissioner issued a 30-day letter, that Mrs. Burke became aware that the IRS was seeking to hold her liable for any taxes relating to the years in issue. Mrs. Burke did not raise the issue of whether she had signed the returns until shortly before trial.

In Burke II, this Court considered Mrs. Burke's motion for an award of litigation costs and held that Mrs. Burke failed to exhaust her administrative remedies. The Commissioner issued a 30-day letter on May 15, 1992, which gave the Burkes the opportunity to request an administrative Appeals conference. Despite the fact that Mrs. Burke was not involved in the audit process, we held that Mrs. Burke did not exhaust her administrative remedies because she failed to request such a conference as required by section 301.7430-1(b)(1), Proced. & Admin. Regs.

We see no relevant distinction between petitioner's circumstances and those of Mrs. Burke as set forth in Burke I and Burke II. Petitioner, Gerald, and their representative each had the opportunity to request an administrative Appeals conference; yet, they failed to do so. Thus, following the rationale of this Court's opinion in Burke II, we conclude that petitioner failed to exhaust the administrative remedies available to her because

she did not request an Appeals conference after respondent issued the 30-day letter.

Petitioner's motion for award of reasonable litigation costs will be denied.  We need not decide whether respondent's litigating position was "not substantially justified" or reach the further question as to the reasonableness of such costs.

<u>An appropriate order</u>

<u>and decision will be entered</u>.