T.C. Summary Opinion 2009-152


UNITED STATES TAX COURT


JOHN H. WONG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7090-08S.                    Filed October 5, 2009.


John H. Wong, pro se.

<u>Halvor R. Melom</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

For 2005 respondent determined a $1,700 deficiency in petitioner's Federal income tax resulting from unreported income. After concessions by petitioner,[1] the sole issue for decision is whether petitioner failed to report $6,812 in income.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. When the petition was filed, petitioner resided in California.

Petitioner timely filed his Federal income tax return for 2005 and subsequently amended it. His amended return reported wage income of $150,350,[2] taxable interest of $1,617, ordinary dividends of $397, and taxable refunds of State and local taxes of $6,092. Petitioner did not report any other income for 2005.

---

[1]Petitioner conceded that he received and failed to report (1) $212 in taxable dividends from Charles Schwab & Co.; (2) $16 in capital gains on Schedule D, Capital Gains and Losses, from the Vanguard Group; and (3) $2 in taxable dividends from the Vanguard Group. He also conceded that he overreported his tax withholdings on Form W-2, Wage and Tax Statement, by $13. Petitioner presented no evidence and made no argument with respect to $661 of qualified dividends; the Court deems this issue conceded. See Money v. Commissioner, 89 T.C. 46, 48 (1987); Stutsman v. Commissioner, T.C. Memo. 1961-109.

[2]Petitioner's pay statements show earnings of salary and additional amounts. As listed on petitioner's pay statements, one of the additional amounts is "restricted stock release".

On December 17, 2007, respondent issued a notice of deficiency using third-party-payor information. Specifically, respondent determined that petitioner received and failed to report $6,812, as reported by E*Trade on a Form 1099-B, Proceeds From Broker and Barter Exchange Transactions (Form 1099).[3]

During 2005 petitioner was employed by Providian Bancorp Services (Providian), and he held restricted Providian stock. Because he was a restricted shareholder and an employee, petitioner's pay statements included amounts for "restricted stock release" (i.e., income resulting from the expiration or termination of restrictions on petitioner's restricted stock).

In 2005 Providian merged with Washington Mutual. As part of the merger, shareholders of Providian exchanged all of their securities[4] for cash and securities in the successor corporation. Before the merger, Providian notified petitioner that all of his restricted stock and options, if any, would fully vest at the merger's closing, with shares exchanged for cash and securities. Providian specified that the cash component, net of withholding taxes, would be placed in petitioner's E*Trade brokerage account and that Providian would report the withheld tax on petitioner's

---

[3]Because respondent consistently rounded down the amounts reported on the Form 1099, the amounts in dispute are slightly less than those reported on the Forms 1099.

[4]The term "securities" included stock or options of the entities.

Form W-2.[5]  For additional questions regarding the tax consequences of the merger transactions, Providian referred petitioner to the prospectus sent to shareholders before the August 31, 2005, special meeting of stockholders.  Providian did not specify whether it would report the income resulting from the cash received on petitioner's Form W-2.  Providian merged with Washington Mutual, and petitioner's restricted stock vested in the first week of October 2005.

As a result of the merger, petitioner received $6,814.27, which Providian deposited in petitioner's E*Trade brokerage account, less taxes withheld of $1,907.98.  Petitioner's pay statements also reflected an increase in his restricted stock release from $5,562.95 to $27,721.75.

Petitioner received a Form 1099 from E*Trade, showing that he received cash of $6,814.27 in the merger.  The Form 1099 instructed petitioner to report the amount on a Schedule D (i.e., as income).  In a detailed analysis of petitioner's brokerage account provided by E*Trade, E*Trade noted that Providian reported the withheld taxes on petitioner's Form W-2; however, E*Trade did not specify whether Providian reported the income on petitioner's Form W-2.

---

[5]Neither Providian nor E*Trade specified whether the withheld taxes include Federal, State, and/or local taxes.

## Discussion

Generally, the Commissioner's determinations of unreported income in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that those determinations are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In certain circumstances, however, section 7491(a)(1) places the burden of proof on the Commissioner. Petitioner has not alleged that section 7491 is applicable, nor has he established compliance with the requirements of section 7491(a)(2)(A). Therefore, the burden of proof does not shift to respondent under section 7491(a).

Under section 6201(d), the burden of production may shift to the Commissioner where an information return, such as a Form 1099, serves as the basis for a deficiency determination. If a taxpayer asserts a "reasonable dispute" with respect to any item of income reported on a third-party information return and he has fully cooperated[6] with the Commissioner, the Commissioner will have the burden of producing reasonable and probative information concerning the item of income in addition to the information return.

In Dennis v. Commissioner, T.C. Memo. 1997-275, the Court found that the taxpayer failed to allege a reasonable dispute as

---

[6]There is no evidence that petitioner has failed to fully cooperate, and respondent does not allege petitioner failed to fully cooperate.

to any item of income on a Form 1099 because the taxpayer tacitly admitted to receiving the income and failed to present evidence demonstrating that the income reported on the Form 1099 was not attributable to him. Because the taxpayer failed to produce evidence or offer an explanation as to why he could not produce it, the Court found that the taxpayer failed to assert a reasonable dispute as to the income reported on the Form 1099, pursuant to section 6201(d).

Likewise, in McQuatters v. Commissioner, T.C. Memo. 1998-88, the taxpayer acknowledged that a portion of nonemployee compensation reported on a Form 1099 was for payments made to him as an independent dealer of merchandise for Masterguard. But the taxpayer argued that a portion of the amount reported on the Form 1099 could have resulted from merchandise refunds and because the Commissioner failed to determine what portion was due to merchandise refunds, the Form 1099 was invalid. Absent credible evidence that the Form 1099 was incorrect as to amount, the Court concluded that the taxpayer's testimony was consistent with the Commissioner's determinations and that the taxpayer had failed to raise a reasonable dispute as to any item of income reported on the Form 1099.

Petitioner stipulated the Form 1099, both as to its accuracy and to his receipt of $6,814.27 as reported by E*Trade. Petitioner did not assert that the issuance of the Form 1099 was

erroneous or fraudulent. Rather, petitioner alleges double reporting; i.e., that E*Trade reported the income and that Providian reported the same income on his Form W-2. As in Dennis v. Commissioner, supra, and McQuatters v. Commissioner, supra, petitioner admits he received the Form 1099 and the corresponding income and does not deny that it was taxable as income to him upon receipt. Furthermore, petitioner failed to present any credible evidence demonstrating that Providian reported the income on his Form W-2. Because petitioner failed to raise a reasonable dispute as to any item of income reported on an information return, the Court finds that the burden of production does not shift to respondent.

Petitioner disputes that he was required to report the income on the Form 1099 separate from wages reported on his Form W-2 because he believes Providian reported the income on his Form W-2. In support of this assertion, petitioner presented testimony and pay statements demonstrating that between September 30 and October 15, 2005, during the time his shares vested, the value of restricted stock release reported on his earnings statement increased from $5,562.95 to $27,721.75. Petitioner believes this increase is due in part to the cash received in the merger, with the balance resulting from the vesting of his remaining Providian shares before they were exchanged for Washington Mutual shares. Petitioner testified further that

E*Trade told him that "that amount that they had awarded, the $6,000, * * * was part of that total package." While not entirely clear, it seems petitioner interpreted E*Trade's correspondence to mean that Providian included this income on his Form W-2 and that he was not required to separately report this income. Petitioner did not produce additional records or documents demonstrating that Providian reported this income on his Form W-2.

Petitioner alleged that he was unable to obtain a detailed analysis of his Form W-2 as reported by Providian, because neither Providian nor Washington Mutual existed as operating companies at the time of trial.

Petitioner, however, could have sought the records from the successor corporation to Washington Mutual. He also could have provided other evidence demonstrating that Providian included the income on his Form W-2. As a shareholder of Providian and Washington Mutual, petitioner presumably had within his control evidence concerning the number of shares held and the fair market value of those shares at the time of the merger. Petitioner could have also provided his final pay statement for 2005. Presumably, petitioner's final pay statement for 2005 listed the total amount of petitioner's salary and restricted stock release. These documents would allow petitioner to reconstruct his Form W-2 income and might show whether Providian reported the $6,814.27

on his Form W-2.  Petitioner also could have introduced the prospectus Providian sent to shareholders, which provided information on the tax consequences of the merger transactions. Petitioner failed to introduce such evidence or offer an explanation as to why he could not produce it.

Absent credible evidence demonstrating that Providian reported the income on petitioner's Form W-2, the Court finds that petitioner has failed to meet his burden of proof, and respondent's determination is sustained.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.