**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-61

UNITED STATES TAX COURT

JESSE BUGARIN AND PATRICIA BUGARIN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5047-12S.                            Filed July 23, 2013.

Jesse Bugarin and Patricia Bugarin, pro sese.

<u>Jenny R. Casey</u>, for respondent.

SUMMARY OPINION

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions
of section 7463 of the Internal Revenue Code in effect when the petition was filed.
Pursuant to section 7463(b), the decision to be entered is not reviewable by any
other court, and this opinion shall not be treated as precedent for any other case.

Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent issued a statutory notice of deficiency to petitioners for 2009 in which he determined a deficiency in income tax of $19,439 and an accuracy-related penalty under section 6662(a) of $3,887.80.

The issues for decision are whether: (1) petitioners are entitled to deduct expenses reported on Schedule E, Supplemental Income and Loss, and (2) petitioners are liable for the accuracy-related penalty under section 6662(a).[1]

A few of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received in evidence are incorporated herein by reference. Petitioners resided in California when the petition was filed.

## Background

Petitioners timely filed their joint Federal income tax return for 2009. Petitioners' return was prepared by a return preparer. Petitioner Jesse Bugarin was

---

[1]The Court considers petitioners to have conceded respondent's determinations disallowing itemized deductions and a personal exemption because petitioners provided neither argument nor evidence on those issues at trial. See, e.g., Bradley v. Commissioner, 100 T.C. 367, 370 (1993); Sundstrand Corp. & Subs. v. Commissioner, 96 T.C. 226, 344 (1991); Rybak v. Commissioner, 91 T.C. 524, 566 n.19 (1988); Money v. Commissioner, 89 T.C. 46, 48 (1987); Leahy v. Commissioner, 87 T.C. 56, 73-74 (1986).

employed by Cannon Safe, Inc., in sales and customer service. Mr. Bugarin was not engaged in any real estate activity. Patricia Bugarin (petitioner), was not otherwise employed in 2009 and was solely responsible for petitioners' rental real estate activities. Petitioners have two minor children, the youngest of whom was four years old in 2009 and was taken care of in the home.

Petitioners' Schedule E, attached to their 2009 Federal income tax return, reported three properties: property A at 5556 Dean Way; property B at 5566 Dean Way; and property C at 731 East G Street. The three properties, single-family homes, were purchased in 2009. Property A generated no rental income during 2009. Properties A and B were next door to each other. Each property generated a loss, and the losses totaled $43,129.

Petitioners did not engage a management company, and petitioner was responsible for renting the three properties and having repairs made to them. Petitioner had no experience managing real estate but was "very handy" and was able to paint and make various repairs. In addition to her responsibility for the three rental properties, petitioner spent a substantial portion of her time looking for additional rental properties to acquire. Petitioners, however, did not actually purchase in 2009 any rental properties other than the three properties at issue in this case. At trial petitioners provided a log to the Court to account for the time

spent on the rental real estate activities. When respondent's counsel asked petitioner "when" the log was created, she responded that she created the log of her rental real estate activities using her cell phone and "Outlook" software.

Discussion

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that those determinations are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). The Court finds that petitioners have not argued or shown that they have met the requirements of section 7491(a), and therefore the burden of proof does not shift to respondent.

Section 162 allows deductions for all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. A trade or business is an activity engaged in with "continuity and regularity". Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987). Section 212 allows deductions for individuals for all the ordinary and necessary expenses paid or incurred during the taxable year for the production of income or the management or maintenance of property held for the production of income.

Passive Activity Losses

If a taxpayer is an individual, however, the "passive activity loss" for the taxable year shall not be allowed. Sec. 469(a). The term "passive activity loss" means the amount by which "the aggregate losses from all passive activities" exceeds "the aggregate income from all passive activities" for the taxable year. Sec. 469(d)(1). For purposes of section 469(a), "passive activities" are, with certain exceptions, activities involving a trade or business in which the taxpayer does not "materially participate". Sec. 469(c)(1). The general rule is that a rental activity is treated as a per se passive activity regardless of whether the taxpayer materially participates. Sec. 469(c)(2), (4). Rental activity is any activity "where payments are principally for the use of tangible property." Sec. 469(j)(8).

Real Property Business

If a taxpayer qualifies under section 469(c)(7)(B), however, the rental activity of the qualifying taxpayer is not treated as a per se passive activity under section 469(c)(2). Sec. 469(c)(7)(A); Kosonen v. Commissioner, T.C. Memo. 2000-107. Rather, the qualifying taxpayer's rental real estate activity is treated as a trade or business--subject to the material participation requirements of section 469(c)(1). Fowler v. Commissioner, T.C. Memo. 2002-223; sec. 1.469-9(e)(1), Income Tax Regs.

A taxpayer qualifies for the real property business exception if he owns at least one interest in rental real estate and meets both of the following requirements of section 469(c)(7)(B): (1) more than one-half of the personal services performed in trades or businesses by the taxpayer during the taxable year are performed in real property trades or businesses in which he materially participates and (2) the taxpayer performed more than 750 hours of services during the taxable year in real property trades or businesses in which he materially participates. Sec. 469(c)(7)(B)(i) and (ii); sec. 1.469-9(b)(6), Income Tax Regs. In the case of a joint return, both requirements must be satisfied by the same spouse. Sec. 469(c)(7)(B). Because petitioner was not employed outside of her real estate activity, the Court addresses only the second requirement.

For purposes of the 750-hour threshold, the Court looks at all of the taxpayer's real property trades or businesses to determine whether that requirement is satisfied. Fitch v. Commissioner, T.C. Memo. 2012-358; Harnett v. Commissioner, T.C. Memo. 2011-191, aff'd, 496 Fed. Appx. 963 (11th Cir. 2012); see also Fowler v. Commissioner, T.C. Memo. 2002-223, Bailey v. Commissioner, T.C. Memo. 2001-296. And if the taxpayer does not materially participate in a particular activity, that activity does not count towards the 750-hour threshold. DeGuzman v. United States, 147 F. Supp. 2d 274 (D.N.J. 2001).

The determination of whether the taxpayer materially participated in his rental real estate activity must be considered separately with respect to each rental activity unless the taxpayer makes an election to treat all of his rental activities as a single activity. Sec. 469(c)(7)(A); Fitch v. Commissioner, T.C. Memo. 2012-358; Fowler v. Commissioner, T.C. Memo. 2002-223; Shaw v. Commissioner, T.C. Memo. 2002-35; sec. 1.469-9(e)(1), Income Tax Regs. Petitioners, however, did not make an election to group their rental real estate activities, so material participation must be determined separately for each rental activity.

Petitioners submitted a three-ring binder with 12 dividers containing copies of substantially similar printed sheets purporting to document petitioner's real estate activities monthly for 2009. Each of the sheets bears a date and states a certain number of hours, and many of the sheets reference one of the three properties at issue. Petitioners offered no evidence that the sheets were prepared contemporaneously with the events they describe. Some of the sheets describe an activity without ascribing it to a particular property, and some of the sheets mention a particular property without describing any activity. Some of the sheets attribute an activity to a particular property without explaining how the activity relates to the property. Some of the entries appear to exaggerate the amount of

time spent for a particular task, such as recording 20 hours for painting a bathroom in one of the houses.

Because petitioners did not make an election to group their rental real estate activities, the work related to each property must be examined separately to determine whether petitioner materially participated in the rental activity. Material participation means that the taxpayer is involved in the operations of the activity on a regular, continuous, and substantial basis. Sec. 469(h)(1). Temporary regulations relating to the meaning of the term "material participation" in section 469(h)(1) provide that, in general, an individual shall be treated, for purposes of section 469 and the regulations thereunder, as materially participating in an activity for the taxable year if and only if he meets one of the following criteria: (1) the individual participates in the activity for more than 500 hours during such year; (2) the individual's participation in the activity for the taxable year constitutes substantially all of the participation in such activity of all individuals (including individuals who are not owners of interests in the activity) for such year; (3) the individual participates in the activity for more than 100 hours during the taxable year, and such individual's participation in the activity for the taxable year is not less than the participation in the activity of any other individual (including individuals who are not owners of interests in the activity) for such

year; (4) the activity is a "significant participation" activity[2] for the taxable year, and the individual's aggregate participation in all significant participation activities during such year exceeds 500 hours; (5) the individual materially participated in the activity for any 5 taxable years (whether or not consecutive) during the 10 taxable years that immediately precede the taxable year; (6) the activity is a personal service activity, and the individual materially participated in the activity for any 3 taxable years preceding the taxable year; or (7) on the basis of all of the facts and circumstances, the individual participated in the activity on a regular, continuous, and substantial basis during such year. Sec. 1.469-5T(a), Temporary Income Tax Regs., 53 Fed. Reg. 5725 (Feb. 25, 1988). [3]

Petitioner's binder purports to record a total of about 810 hours devoted to her real estate activities in 2009. She testified that she spent "a good 50 percent" of her time "out and about looking" or on the phone or the computer looking for additional homes to purchase. The Court analyzed the binder sheets and found entries suggesting that over 200 hours were dedicated to "prospecting", looking,

---

[2]A significant participation activity is one in which the individual participates for more than 100 hours during the year. Sec. 1.469-5T(c)(2), Temporary Income Tax Regs., 53 Fed. Reg. 5726 (Feb. 25, 1988).

[3]An individual who participates in an activity for 100 hours or less will not be treated as materially participating in the activity under criterion (7). Sec. 1.469-5T(b)(2)(iii), Temporary Income Tax Regs., 53 Fed. Reg. 5726 (Feb. 25, 1988).

searching, viewing, or meeting for or about potential home purchases and associated activities.

In general, work done by an individual in connection with an activity in which he owns an interest is treated as participation in the activity. Sec. 1.469-5(f), Income Tax Regs. The legislative history of section 469 suggests, however, that only participation that is related to the operation of the business is to be counted for purposes of the material participation test. S. Rept. No. 99-313, at 732 (1986), 1986-3 C.B. (Vol. 3) 1, 732.

The Court examined the hours listed on the sheets for activity ascribed to property A and determined that the total was 45 hours. Petitioner could qualify as materially participating in the property A activity only under criterion (2). Accepting at face value the hours and activities listed specifically for property A, the Court determined that at least 20 of the hours spent on this property, 44% of the total, involved the participation of other individuals who were not owners of the property. Therefore, petitioner's participation in the property A activity for the taxable year did not constitute substantially all of the participation in that activity of all individuals during the taxable year and so petitioner did not materially participate in the activity in 2009.

The Court did not count general listings for items like banking, meetings, or visiting stores that did not reference a particular property as it was not apparent that they represented services in petitioner's rental real estate activities or to which of the three rental properties they might relate if they were such services. The Court also excluded petitioner's activities in pursuit of acquiring ownership in new properties because they were not related to the operation of petitioner's respective rental activities related to the three rental properties petitioners already owned in 2009. Petitioner's "prospecting" activity cannot be connected to any one of the three rental properties and therefore cannot be included as material participation in their respective operations.

Accepting at face value all of the hours and activities listed that were ascribed specifically to either property B or property C, the Court determined that petitioner devoted 228.5 hours to property B and 178 hours to property C. In addition, petitioner listed one hour each month for "accounting" for the properties. Assuming material participation in the two above rental property activities in 2009, petitioner performed only 418.5 hours of services in real property rental activities in which she materially participated.

The Court considered whether petitioner's "prospecting" activity might be considered the separate real property trade or business of the "acquisition" of real

property.  See sec. 469(c)(7)(C); secs. 1.469-9(d)(1), 1.469-4(b)(1)(ii), Income Tax Regs.  But even if the Court treated the 224 hours or so of prospecting activity as a separate real property trade or business in which petitioner materially participated, the total hours that petitioner devoted to real property trades or businesses in which she materially participated would be only 642.5 (418.5 + 224), which is over 100 hours less than the 750 hours necessary to qualify for the section 469(c)(7) exception.

Because the section 469(c)(7) exception is not available to petitioners, the Court finds that their rental real estate activities for 2009 are passive activities and their losses are subject to the section 469(a) limitation.

Offset for Rental Real Estate Activities

Section 469(i), with respect to rental real estate activities in which an individual actively participates, provides that the section 469(a) disallowance will not apply to a portion of the individual's passive activity losses.  An annual maximum of one $25,000 offset is allowed for all of a taxpayer's rental real estate activities.  Sec. 469(i)(2).  This exemption begins to phase out where the taxpayer's adjusted gross income (AGI) exceeds certain levels.  Sec. 469(i)(3). The phase out in petitioners' situation is 50% of the amount by which their AGI

(computed without regard to passive activity losses) exceeds $100,000. <u>See</u> sec. 469(i)(3)(A), (F)(iv).

Petitioners' AGI for 2009 computed without regard to passive activity losses was $281,142 ($238,013 + $43,129). Their AGI so computed was $181,142 greater than $100,000. Reducing the $25,000 offset by 50% of $181,142, or $90,571.50, results in a complete phase out of the offset.

<u>Accuracy-Related Penalty</u>

Respondent determined an accuracy-related penalty under section 6662(a) and (b)(1) and (2) for an underpayment attributable to negligence or a substantial understatement of income tax. Section 7491(c) imposes on the Commissioner the burden of production in any court proceeding with respect to the liability of any individual for penalties and additions to tax. <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001); <u>Trowbridge v. Commissioner</u>, T.C. Memo. 2003-164, <u>aff'd</u>, 378 F.3d 432 (5th Cir. 2004). In order to meet the burden of production under section 7491(c), the Commissioner need only make a prima facie case that imposition of the penalty or the addition to tax is appropriate. <u>Higbee v. Commissioner</u>, 116 T.C. at 446.

Respondent determined that for 2009 petitioners underpaid a portion of their income tax on account of negligence or disregard of rules or regulations and that there was a substantial understatement of income tax.

Section 6662(a) imposes a 20% penalty on the portion of an underpayment of tax attributable to any one of various factors, including negligence or disregard of rules or regulations and a substantial understatement of income tax. Sec. 6662(b)(1) and (2). "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. A "substantial understatement" includes an understatement of income tax that exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d); sec. 1.6662-4(b), Income Tax Regs.

Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position and that the taxpayer acted in good faith with respect to that portion. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs.

Section 1.6664-4(b)(1), Income Tax Regs., specifically provides: "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all the facts and circumstances, including the experience, knowledge, and education of the taxpayer." The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year. Id.

Petitioners reported a tax liability of $43,595. Petitioners' actual tax liability is $63,034. Petitioners have a substantial understatement of income tax for 2009 since the understatement exceeds 10% of the tax required to be shown on the return, which is greater than $5,000.

The Court concludes that respondent has produced sufficient evidence to show that the accuracy-related penalty under section 6662(a) is appropriate for 2009.

Petitioners claimed $27,456 of itemized deductions for which they offered at trial no substantiation or explanation. Their log of real estate activities failed to justify their claimed rental real estate deductions. Petitioners did not show that there was reasonable cause for, and that they acted in good faith with respect to, the underpayment of tax for 2009.

Therefore, respondent's determination of the accuracy-related penalty under section 6662(a) for 2009 is sustained.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.