T.C. Memo. 2003-44

UNITED STATES TAX COURT

LAWRENCE ROBERT CLIFTON-BLIGH, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10668-00.                    Filed February 25, 2003.

Lawrence Robert Clifton-Bligh, pro se.

Lydia A. Branche, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, Judge:  Respondent determined the following
deficiencies in and additions to petitioner's Federal income tax:

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a) | Sec. 6654 |
| 1989 | $158,144 | $9,047 | $1,531 |
| 1990 | 7,922 | 1,981 | 521 |
| 1991 | 38,885 | 9,721 | 2,239 |
| 1992 | 25,291 | 6,312 | 1,099 |
| 1993 | 10,331 | 2,580 | 431 |
| 1994 | 9,003 | 2,248 | 464 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions,[1] the issue for decision is whether petitioner is entitled to deductions and/or losses in amounts greater than those allowed by respondent for the years in issue.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The deemed admissions, the stipulation of facts, and the attached exhibits are incorporated herein by this reference. At the time he filed the petition, petitioner resided in Pound Ridge, New York.

During the years in issue, petitioner was a senior executive of a merchant bank in Australia, president of a New York investment company, and an underwriter with Lloyd's of London (Lloyd's).

---

[1] Petitioner admitted and stipulated the income amounts determined by respondent in the notice of deficiency. See Rule 91. The only variation is that the notice of deficiency determined petitioner realized pension income of $8,300 from Fidelity and $22,410 from Smith Barney in 1994, whereas petitioner admitted, and petitioner and respondent stipulated, petitioner realized this income in 1992. Accordingly, a Rule 155 computation will be necessary.

Petitioner is deemed to have admitted that he is liable for the additions to tax pursuant to secs. 6651(a)(1) and 6654 for the years in issue. Rule 91(f).

Stephen Swain and Steven Conway were shareholders in a small investment bank named S.J. Conway & Company (SJC).  During 1987 and 1988, events occurred that made Mr. Swain want to "get out of" SJC.  In February 1988, Mr. Swain and Mr. Conway reached an agreement for Mr. Conway to buy out Mr. Swain's shares of SJC (agreement).  Mr. Conway agreed to make a staged payout to Mr. Swain.

Mr. Conway violated the agreement by failing to make payments.  This caused an acceleration of the payout.  Mr. Swain "pressed" Mr. Conway for the money he was owed.  On September 9, 1988, Mr. Conway paid Mr. Swain in full.  Mr. Swain did not see any documentation regarding where the money Mr. Conway paid him came from.

OPINION

Deductions are a matter of legislative grace, and petitioner has the burden of showing that he is entitled to any deductions.[2] Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Alleged Investments

Petitioner claims:

(1) He was approached by Mr. Conway to make an investment in SJC; in September 1988 he invested

---

[2] The record does not establish when the audit in this case began, and petitioner does not argue that sec. 7491 applies to this case.

approximately $125,000 in SJC; and in 1989 SJC filed for bankruptcy;

(2) he suffered losses as a Lloyd's underwriter;

(3) in 1991 he invested $25,000 in a company called Marisco International Trading (Marisco) in which Al Marisco was the principal; and Marisco "wound up" in 1992 (but petitioner testified that he was not able to verify this);

(4) in 1984 he invested $5,000 in a company called C Films; C Films "wound up" years later; and he lost his entire investment in C Films; and

(5) he advanced approximately $85,000 to a company his wife founded and ran called Stamp, Stamp, Stamp (SSS); SSS closed in 1993; and he lost $50,000 when SSS closed.

We review the economic realities of transactions between family members--i.e., the SSS transactions--with heightened scrutiny. Estate of Reynolds v. Commissioner, 55 T.C. 172, 201 (1970). Petitioner relies on his own testimony to substantiate his losses from SJC, Lloyd's, Marisco, C Films, and SSS. The Court is not required to accept petitioner's unsubstantiated testimony. Wood v. Commissioner, 338 F.2d 602, 605 (9th Cir. 1964), affg. 41 T.C. 593 (1964).

Petitioner did not present any evidence regarding when C Films supposedly wound up or when he "lost" this investment.

Petitioner submitted 6 pages of a 13-page fax containing a settlement offer and "Finality Statement - August 1996" regarding Lloyd's. The document does not establish that petitioner

incurred or sustained losses regarding Lloyd's during the years in issue.

Mr. Swain's testimony does not support petitioner's assertion that he invested money in, or suffered a loss related to, SJC. Mr. Swain had no personal knowledge regarding whether (1) the money he received from Mr. Conway originally came from petitioner, (2) the money was given to Mr. Conway or SJC, or (3) the money was an investment or a loan. Mr. Swain did not see any documentation regarding where the money Mr. Conway paid him came from. Furthermore, Mr. Swain did not testify regarding whether SJC went bankrupt.

Additionally, we note that Mr. Conway and Mr. Marisco were not called as witnesses. We infer that their testimony would not have been favorable to petitioner. Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947).

We found petitioner's testimony to be general, vague, conclusory, and/or questionable in certain material respects. Under the circumstances presented here, we are not required to, and generally do not, rely on petitioner's testimony to sustain his burden of establishing error in respondent's determinations. Lerch v. Commissioner, 877 F.2d 624, 631-632 (7th Cir. 1989), affg. T.C. Memo. 1987-295; Geiger v. Commissioner, 440 F.2d 688,

689-690 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159; Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

We hold that petitioner is not entitled to claim loss deductions in any amount for any of the years in issue relating to SJC, Lloyd's, Marisco, C Films, and SSS.

Remaining Issues

Petitioner did not present any evidence at trial regarding any of the remaining issues he raised in his petition. Therefore, we conclude that petitioner has abandoned these issues. Petzoldt v. Commissioner, 92 T.C. 661, 683 (1989); Money v. Commissioner, 89 T.C. 46, 48 (1987).

At the conclusion of the trial, the Court advised petitioner that once the trial was finished the record would be closed and petitioner would not be able to submit additional evidence. Petitioner attached to his posttrial briefs documents he argues support the deductions and losses he claims he is entitled to for the years in issue. Evidence must be submitted at trial; documents attached to briefs and statements therein are not evidence. Rule 143(b); Lombard v. Commissioner, T.C. Memo. 1994-154 n.3, affd. without published opinion 57 F.3d 1066 (4th Cir. 1995); Wicker v. Commissioner, T.C. Memo. 1993-431 n.15, affd. without published opinion 50 F.3d 12 (8th Cir. 1995). Accordingly, we disregard these documents in reaching our decision.

We conclude that petitioner is not entitled to deductions or losses in amounts greater than those allowed by respondent for the years in issue.  To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.