T.C. Memo. 2006-58

UNITED STATES TAX COURT

KAREN V. HOUGH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6686-04.                    Filed March 28, 2006.

Karen V. Hough, pro se.

<u>Francis C. Mucciolo</u> and <u>Lorianne D. Masano</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined the following deficiencies in, addition to, and penalties on petitioner's Federal income tax:

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) | Penalty Sec. 6662(a) |
|------|-----------|-------------------|-----------------|
| 1999 | $19,153 | $2,060.50 | $3,830.60 |
| 2000 | 81,696 | -- | 16,339.20 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

At trial, petitioner stated that she was contesting only some of the business expense deductions respondent disallowed for 1999 and 2000.  At trial, petitioner did not dispute the amounts of unreported gross income, the self-employment tax, the addition to tax, or the penalties determined by respondent.  Although ordered to do so, petitioner did not file any briefs.  Accordingly, petitioner has abandoned all issues other than whether she substantiated business expenses in excess of the amounts allowed or conceded by respondent for 1999 and 2000.[1] Petzoldt v. Commissioner, 92 T.C. 661, 683 (1989); Money v. Commissioner, 89 T.C. 46, 48 (1987); cf. Funk v. Commissioner, 123 T.C. 213 (2004); Swain v. Commissioner, 118 T.C. 358 (2002).

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time she filed the petition, petitioner resided in Largo, Florida.

---

[1]  We note that on brief respondent also conceded $612 of unreported income for 2000.  This concession will be accounted for in the Rule 155 computation.

During 1999 and 2000, petitioner operated as a sole proprietorship a nursing business. The nursing business consisted of working as an expert witness (medical legal consulting) and as a nurse practitioner.

Petitioner reported her nursing business expenses on Schedule C, Profit or Loss From Business, of her 1999 and 2000 tax returns (nursing business expenses). Respondent issued to petitioner a notice of deficiency for 1999 and 2000 that disallowed some of the nursing business expenses in part and other nursing business expenses in full. Petitioner filed a petition challenging the disallowance of her nursing business expenses.

OPINION

Petitioner has neither claimed nor shown that she satisfied the requirements of section 7491(a) to shift the burden of proof to respondent with regard to any factual issue. Accordingly, petitioner bears the burden of proof. Rule 142(a). Deductions are a matter of legislative grace; petitioner has the burden of showing that she is entitled to any deduction claimed. Id.; New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Petitioner relies on her own testimony to substantiate the nursing business expenses. The Court is not required to accept petitioner's unsubstantiated testimony. See Wood v. Commissioner, 338 F.2d 602, 605 (9th Cir. 1964), affg. 41 T.C.

593 (1964). We found petitioner's testimony to be general, vague, conclusory, and/or questionable in certain material respects. On the record, we repeatedly noted petitioner's lack of credibility and veracity. Under the circumstances presented here, we are not required to, and generally do not, rely on petitioner's testimony to sustain her burden of establishing error in respondent's determinations. See Lerch v. Commissioner, 877 F.2d 624, 631-632 (7th Cir. 1989), affg. T.C. Memo. 1987-295; Geiger v. Commissioner, 440 F.2d 688, 689-690 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159; Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

When taxpayers establish that they have incurred deductible expenses but are unable to substantiate the exact amounts, we can estimate the deductible amount, but only if the taxpayers present sufficient evidence to establish a rational basis for making the estimate. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). In estimating the amount allowable, we bear heavily upon taxpayers whose inexactitude is of their own making. See Cohan v. Commissioner, supra at 544. We may not use the Cohan doctrine, however, to estimate expenses covered by section 274(d). See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

There must be sufficient evidence in the record, however, to permit us to conclude that a deductible expense was paid or incurred.  Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

One "contractor",[2] Mandy Babyak, who worked for petitioner's nursing business in 2000 testified regarding petitioner's nursing business expenses.  We found Ms. Babyak to be credible.  We shall rely on Ms. Babyak's testimony to estimate petitioner's nursing business expenses under the Cohan doctrine.

1.  Contractor Expenses

Petitioner claimed $23,100 in expenses for subcontractors for 1999.  For 1999, respondent allowed $575 in the notice of deficiency and conceded an additional $8,550.77 on brief for a total of $9,125.77.  This $9,125.77 represents checks paid to Carol Blank, Robert Shearer, and Kim Atkins.  Petitioner has failed to substantiate that any additional amounts were paid to contractors in 1999.  Accordingly, respondent's determination, as modified by his concession, is sustained.

Petitioner claimed $49,836 in expenses for subcontractors for 2000.  For 2000, respondent conceded on brief $58,528 in contractor expenses.  This concession represents amounts paid by

---

[2]  We use the term "contractor" for convenience only.  We make no findings whether the people who worked for petitioner's nursing business were independent contractors or employees.

checks to Carol Blank, Robert Shearer, Kim Atkins, Harold Stratton, and Natalie Stephens.

Ms. Babyak credibly testified that she was a contractor of petitioner's nursing business for 2000. Ms. Babyak testified that she started working for petitioner's nursing business in the middle (summer) of 2000, she was paid $15 per hour, and earned approximately $600 per week, but this amount varied and occasionally it was less. On the basis of the record, we approximate that petitioner paid Ms. Babyak $9,000 in 2000, and petitioner is entitled to deduct this amount in addition to the amount respondent conceded for 2000. Petitioner has failed to substantiate that any additional amounts were paid to contractors in 2000.

2. Insurance

Petitioner claimed $6,424 and $1,956 in expenses for insurance for 1999 and 2000, respectively. Respondent disallowed these expenses in full.

Ms. Babyak credibly testified that for 2000 petitioner paid $1,200 for medical malpractice insurance and $1,500 for office insurance. On the basis of the record, we shall allow these amounts for each of the years 1999 and 2000. Petitioner has

failed to substantiate that any additional amounts were paid for insurance for 1999 or 2000.[3]

3. Dues and Memberships

Petitioner claimed $2,204 and $2,504 in expenses for dues and memberships for 1999 and 2000, respectively. Respondent allowed $800 for 1999 and disallowed this expense in full for 2000.

Ms. Babyak credibly testified that in 2000 petitioner paid approximately $300 each for dues and memberships to approximately four to five nursing societies/agencies. On the basis of the record, we approximate that petitioner paid $1,200 in 2000 for dues and memberships and is entitled to deduct this amount for 2000. Petitioner has failed to substantiate that any additional amounts were paid for dues and memberships for 1999 or 2000.

4. Fed Ex and P.O. Box (Postage and Delivery Expenses)

Petitioner claimed $7,204 for postage for 1999, $15,023 in delivery and freight expenses for 2000, and $360 for P.O. box

---

[3] Petitioner claimed she paid $1,800 for flood insurance. Ms. Babyak testified that petitioner paid flood insurance, but she did not testify as to the amount paid. We do not rely on petitioner's testimony to establish the amount paid for flood insurance. As there is insufficient credible evidence to establish a rational basis for making an estimate, we shall not allow petitioner a deduction for flood insurance. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Additionally, petitioner claimed she paid disability insurance. We do not accept petitioner's unsubstantiated and uncorroborated testimony. See Wood v. Commissioner, 338 F.2d 602, 605 (9th Cir. 1964), affg. 41 T.C. 593 (1964).

expenses for each of the years 1999 and 2000.  Respondent allowed $1,014 and $1,731 for 1999 and 2000, respectively.  This amount included $36 for a P.O. box for both years.

Petitioner has failed to substantiate that any additional amounts were paid for a P.O. box for 1999 or 2000.  Accordingly, respondent's determination on this issue is sustained.

Ms. Babyak credibly testified that while she worked for petitioner Fed Ex picked up packages from petitioner's nursing business approximately two times per week, but petitioner tried to limit the number of pickups.  Ms. Babyak estimated the cost of each pickup to be between $75 and $200.  On the basis of the record, we approximate that in 2000 petitioner paid $7,800 to Fed Ex.  Accordingly, in addition to the $1,695 in delivery and freight expense allowed by respondent for 2000 ($1,731 minus $36 for the P.O. box), petitioner is entitled to deduct an additional delivery and freight expense of $6,105 for 2000.  We believe that petitioner likely paid a similar amount to Fed Ex in 1999.  Accordingly, petitioner is entitled to deduct her total claimed postage expense, $7,204, for 1999.  Petitioner has failed to substantiate that any additional amounts were paid for postage or delivery expenses for 1999 or 2000.

5. <u>Books</u>

Petitioner claimed zero for books on her 2000 return. Respondent, however, allowed petitioner at audit $1,870 for book expenses for 2000. Ms. Babyak testified that petitioner bought books for Ms. Babyak in 2000, but there is no evidence regarding the cost of the books. As there is insufficient evidence to establish a rational basis for making an estimate, petitioner is not entitled to a deduction greater than that allowed by respondent for books for 2000. See <u>Cohan v. Commissioner</u>, 39 F.2d at 543-544; <u>Vanicek v. Commissioner</u>, 85 T.C. at 742-743.

6. <u>Supplies</u>

Petitioner claimed $1,359 and $20,997 for supplies for 1999 and 2000, respectively. Respondent allowed $1,724.98 and $2,179 for supplies for 1999 and 2000, respectively. Although Ms. Babyak testified that petitioner bought various supplies in 2000, there is no evidence regarding the cost of the supplies or that the amount spent exceeds the amount allowed by respondent. As there is insufficient evidence to establish a rational basis for making an estimate, we shall not allow petitioner a deduction for these items greater than that allowed by respondent for supplies for 1999 and 2000. See <u>Cohan v. Commissioner</u>, <u>supra</u> at 543-544; <u>Vanicek v. Commissioner</u>, <u>supra</u> at 742-743.

7. Pest Control and Lawn Service

Petitioner claimed $770 for pest control for 2000 and at trial claimed she also paid for lawn service. Respondent disallowed the amount claimed for pest control in full. Although Ms. Babyak testified that petitioner paid for pest control and lawn service in 2000, there is no evidence regarding the cost of the pest control and lawn service. As there is insufficient evidence to establish a rational basis for making an estimate, we shall not allow petitioner a deduction for these items. See Cohan v. Commissioner, supra at 543-544; Vanicek v. Commissioner, supra at 742-743.

8. Advertising/Marketing

Petitioner claimed $6,234 and $3,063 in expenses for advertising for 1999 and 2000, respectively. Respondent allowed $1,560.60 and $5,580.91 for 1999 and 2000, respectively. Respondent conceded an additional $3,395 for 2000 (for a total of $8,975.91 for 2000).

Ms. Babyak testified that petitioner mailed marketing packages during 2000. Ms. Babyak's testimony, however, did not establish the cost of the marketing packages or how many were mailed. We do not accept petitioner's unsubstantiated and uncorroborated testimony as to the cost of these marketing packages or the amount mailed. See Wood v. Commissioner, 338 F.2d at 605. It is unclear whether petitioner spent amounts on

advertising in excess of the amounts already allowed or conceded by respondent.  As there is insufficient credible evidence to establish a rational basis for making an estimate, we shall not allow petitioner a deduction for this item greater than that allowed or conceded by respondent.  See Cohan v. Commissioner, supra at 543-544; Vanicek v. Commissioner, supra at 742-743.

9.  Section 274 Expenses (Automobile and Travel)

In addition to satisfying the criteria for deductibility under section 162, certain categories of expenses must also satisfy the strict substantiation requirements of section 274(d) in order for a deduction to be allowed.  The expenses to which section 274(d) applies include, among other things, listed property (e.g., automobile expenses and cellular telephones) and travel expenses (including meals and lodging while away from home).  Secs. 274(d)(4), 280F(d)(4)(A)(i), (ii), (v).  We may not use the Cohan doctrine to estimate expenses covered by section 274(d).  See Sanford v. Commissioner, 50 T.C. at 827; sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

To substantiate a deduction attributable to travel and listed property, a taxpayer must maintain adequate records or present corroborative evidence to show the following:  (1) The amount of the expense; (2) the time and place of use of the listed property; and (3) the business purpose of the use.  Sec.

1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). Petitioner failed to do so. Accordingly, respondent's determination regarding expenses subject to section 274, as modified by his concessions, is sustained.

10.  Computer, Fax, and Printer

At trial, petitioner tried to establish she is entitled to deduct as expenses computers, faxes, and printers. Section 274(d) applies to, among other things, computer and peripheral equipment; however, there is an exception for such equipment used exclusively at a regular business establishment and owned or leased by the person operating such establishment. Secs. 274(d)(4), 280F(d)(4)(A)(iv), (B).

Regardless of whether section 274 applies or not (some of the computers and peripheral equipment were at petitioner's nursing business office, and some were at the homes of petitioner's contractors), the evidence does not establish when the computers, faxes, and printers were purchased or how much they cost. As there is insufficient evidence to establish these items were purchased during the years in issue, or if they were so purchased a rational basis for making an estimate, we shall not allow petitioner a deduction for these items. See Cohan v. Commissioner, supra at 543-544; Vanicek v. Commissioner, supra at 742-743; see also secs. 274(d), 280F(d)(4)(A)(iv), (B).

11.  Expenses Allowed or Conceded by Respondent

Respondent has allowed or conceded other items, such as telephone expenses and legal expenses, up to the amounts of checks or receipts previously provided by petitioner.  As there is insufficient evidence to establish a rational basis for making an estimate of a greater amount, we shall not allow petitioner a deduction for these items greater than that allowed or conceded by respondent.  See Cohan v. Commissioner, supra at 543-544; Vanicek v. Commissioner, supra at 742-743.

To reflect the foregoing,

Decision will be entered
under Rule 155.