T.C. Summary Opinion 2009-164

UNITED STATES TAX COURT

IVETTE MUNSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18210-07S.                    Filed October 26, 2009.

Ivette Munson, pro se.

<u>Melissa J. Hedtke</u>, for respondent.

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code (Code) in effect when the petition was filed.[1] Pursuant to section 7463(b), the decision to be entered is not

--------

[1]Unless otherwise indicated, section references are to the Code in effect for the year at issue, Rule references are to the Tax Court Rules of Practice and Procedure, and dollar amounts are rounded to the nearest whole dollar.

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $7,324[2] deficiency in petitioner's 2005 Federal income tax and a $1,465 accuracy-related penalty under section 6662(a). The issues for decision are whether petitioner is entitled to deductions for business expenses and whether she is liable for the accuracy-related penalty.[3]

## Background

The parties submitted a stipulation of facts with accompanying exhibits that is incorporated by reference. Petitioner resided in Minnesota when she filed the petition.

In 2005 petitioner worked part time for Data Recognition Corp. (DRC) and for Target Corp. (Target). She received a 2005 Form W-2, Wage and Tax Statement, from each employer. She also performed freelance translating services for Betmar Languages, Inc. (Betmar), and Multilingual Word, Inc. (Word). Each corporation reported petitioner's 2005 earnings on a Form 1099-

---

[2]The $7,324 deficiency is composed of income tax of $3,329 and self-employment tax of $3,995. Petitioner's liability for the self-employment tax and her deduction therefor are computational matters to be resolved consistent with the Court's opinion. See secs. 164(f), 1401, 1402.

[3]Petitioner admits that she received and failed to report self-employment income of $10,201 from Betmar Languages, Inc., and $18,073 from Multilingual Word, Inc., as respondent determined in the notice of deficiency issued in May 2007.

MISC, Miscellaneous Income, which she admits to receiving. As a freelance translator, she earned about $20 per hour.

Petitioner exchanged telephone calls, emails, and faxes with Betmar and Word to schedule translating services. She maintained a fax machine, a computer and a printer, and workspace in the living room of her one-bedroom apartment. She used the computer and Internet access to communicate with Betmar and Word, to print directions to the assigned locations, and also for personal activities.

Petitioner's assignments for Betmar and Word involved translating for patients at hospitals and other health care facilities in the Twin Cities area and "in some cases to [two different towns in Minnesota], out of the Twin Cities". She drove her personal automobile to and from the facilities where she provided translating services. Neither Betmar nor Word reimbursed her for the expenses of driving to work, and neither firm paid her for the time she spent driving. She also drove the automobile to commute to Target and DRC and for shopping or other personal purposes.

Late in 2005 petitioner compiled a mileage log purporting to document the dates and distances she drove for translating assignments. She obtained the information from loose scraps of paper on which she kept notes of her translating assignments.

Petitioner timely filed a 2005 Form 1040A, U.S. Individual Income Tax Return, on which she reported wages from DRC and Target and unemployment compensation of $1,051. Her 2005 Form 1040A did not include a Schedule C, Profit or Loss From Business. Thus, she did not report the amounts received from Betmar or Word, which were reported on Forms 1099-MISC, or claim deductions for any related business expenses.

In July 2007 petitioner submitted to respondent a Form 1040X, Amended U.S. Individual Income Tax Return, for 2005 that included a Schedule C for the translating activity.[4] She reported gross receipts of $18,074 and total expenses of $30,348 for a $12,274 loss. The claimed business expenses include:

| Description | Amount |
| --- | --- |
| Advertising | $75 |
| Car and truck expenses | 25,070 |
| Legal and professional services | 250 |
| Repairs and maintenance | 75 |
| Supplies | 200 |
| Other expenses | |
|   Telephone | 3,738 |
|   Postage | 40 |
|   Education | 150 |
|   Miscellaneous | 480 |
|   Parking and tolls | 200 |
|   Phone | 70 |

On Form 8829, Expenses for Business Use of Your Home, petitioner claimed she used 50 percent of her apartment for business and incurred $4,500 in deductible home office expenses.

---

[4]Respondent has not accepted the Form 1040X as filed.

Because her Schedule C reflected a loss, she did not claim a home office deduction.

The Court accepted petitioner's Form 1040X as a statement of her then-current claims of expenses for the translating activity, which the Court discusses infra.

## Discussion

### I. Burden of Proof

The Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that a determination set forth in a notice of deficiency is incorrect. See Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that she is entitled to any deduction claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). This includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). Although section 7491(a) may shift the burden of proof to the Commissioner, that section is not applicable where, as here, a taxpayer has failed to satisfy the recordkeeping and substantiation requirements of the Code. See sec. 7491(a)(2)(A) and (B).

### II. Business Expense Deductions

Taxpayers may generally deduct the ordinary and necessary expenses paid or incurred during the taxable year in carrying on

a trade or business.  Sec. 162(a); see also <u>Commissioner v. Lincoln Sav. & Loan Association</u>, 403 U.S. 345, 352 (1971); <u>FMR Corp. & Subs. v. Commissioner</u>, 110 T.C. 402, 414 (1998).  An ordinary and necessary expense is one that is appropriate and helpful to the taxpayer's business and that results from an activity that is common and accepted practice.  <u>Boser v. Commissioner</u>, 77 T.C. 1124, 1132 (1981), affd. without published opinion (9th Cir., Dec. 22, 1983).

If a taxpayer establishes that deductible expenses were incurred but has not established the exact amounts, the Court may in some circumstances estimate the amounts allowable (the <u>Cohan</u> rule).  See <u>Cohan v. Commissioner</u>, 39 F.2d 540, 543-544 (2d Cir. 1930).  The Court can estimate the amount of a deductible expense only when the taxpayer provides evidence sufficient to establish a rational basis for making the estimate.  <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 743 (1985).  Where a taxpayer fails to provide adequate evidence of his expenses, the Court may uphold the Commissioner's determination denying the deduction.  See secs. 274(d), 6001.  But the Court cannot estimate a taxpayer's expenses with respect to the items enumerated in section 274(d).  <u>Sanford v. Commissioner</u>, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); <u>Rodriguez v. Commissioner</u>, T.C. Memo. 2009-22 (the strict substantiation requirements of

section 274(d) preclude the Court and taxpayers from approximating those expenses).

Section 274(d) requires strict substantiation for certain categories of expenses, including those for listed property such as cellular telephones, computers and peripheral equipment, and passenger automobiles. Secs. 274(d)(4), 280F(d)(4). For listed property, section 274(d) requires the taxpayer to adequately substantiate: (1) The amount of the expense; (2) the amount of each business use and total use (e.g., mileage for automobiles and time for other listed property); (3) the time (i.e., date of the expenditure or use); and (4) the business purpose of the expense or use. Sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). In the absence of evidence establishing the elements of the expenditure or use, deductions are to be disallowed entirely. Sec. 274(d); Sanford v. Commissioner, supra at 827; see also sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

Respondent does not dispute that petitioner's translating activity qualifies as a trade or business. Rather, respondent argues that petitioner has not substantiated any expenses related to her translating activity. Petitioner contends that her business expenses exceeded her self-employment income.

A.  Transportation Expenses

Petitioner has neither asserted nor established that her residence is the principal place of business for her translating activity.  See infra pp. 15-16.  Thus, she is not entitled to a deduction for mileage or the actual costs of her transportation expenses for commuting between her residence and the job sites of her translating activity.  See sec. 262(a); Strohmaier v. Commissioner, 113 T.C. 106, 113-114 (1999); Rev. Rul. 99-7, 1999-1 C.B. 361.  She may, however, be entitled to a deduction for mileage or the actual costs of her transportation expenses for driving between the job sites.  Steinhort v. Commissioner, 335 F.2d 496, 503-504 (5th Cir. 1964), affg. and remanding T.C. Memo. 1962-233; Heuer v. Commissioner, 32 T.C. 947, 953 (1959), affd. per curiam 283 F.2d 865 (5th Cir. 1960).  As discussed infra, even if some or all of petitioner's claimed transportation expenses are otherwise deductible, petitioner failed to substantiate her deductions in accordance with sections 274(d) and 6001 and the regulations thereunder.

1.  Deduction for Vehicle Expenses Based on the Standard Mileage Rate

Petitioner's Form 1040X does not show how she arrived at car and truck expenses of $25,070.  The second page of her Schedule C reflects that she drove her vehicle 54,000 miles for business, while the standard mileage rate for business use of an automobile in 2005 was 40.5 cents (which amounts to a $21,870 deduction).

See Rev. Proc. 2004-64, secs. 2, 5.01, 2004-2 C.B. 898, 899-900.
She also estimated that she drove roughly 10,000 miles in 2005
that were not directly related to her translating activity.

Petitioner introduced a mileage log at trial. The first
page is a summary and indicates that the odometer on her vehicle
read 55,000 miles at the beginning of 2005 and 104,907 miles at
the end of 2005 and that she drove 49,907 miles in 2005. Each
page of the log includes entries for several days. The daily
entries include the number of miles she claims to have driven for
each translating assignment and an ending odometer reading for
each day. The sum of the miles driven for translating
assignments for each day exactly equals the increased odometer
reading for that day. The log suggests that she worked 7 days
each week from January 3 through December 31, 2005, with the
exception of the entire month of August.[5] The beginning of the
mileage log indicates the odometer reading on January 3, 2005,
was 65,010. The last page includes a final odometer reading on
December 31, 2005, of 104,907. The Court notes that there are
inconsistent claims of mileage driven in the record: the log
summary includes 49,907 miles, the log reflects 38,897 miles, and

---

[5] The mileage log includes no entries for August.
Furthermore, the last mileage reading on July 31 and the first
reading on Sept. 1 suggest that the odometer on petitioner's
automobile did not change at all during August.

the Form 8829 reflects 54,000 miles.  The inconsistent claims of mileage undermine the veracity of these documents.

Petitioner also testified that she and her husband had separate cars and, as noted, that she used her car for personal purposes, to commute to DRC and Target, and to drive to and from her translating assignments.  Her purported mileage log does not reflect the actual distances she drove for her translating activity; rather, it seems simply to spread the total number of miles somewhat evenly over the year.

In addition, she admitted that she prepared the log in either August or September 2005.  Thus, she fails the requirement that the record be made at or near the time of the expenditure or use.  See sec. 1.274-5T(c)(1) and (2), Temporary Income Tax Regs., 50 Fed. Reg. 46016, 46017 (Nov. 6, 1985) (a record maintained on a weekly basis that accounts for use during the week is an example of a record made at or near the time of use).

In short, the Court does not accord any weight to the log and finds that it is inadequate to substantiate a deduction for mileage.  Petitioner is not entitled to a deduction for car and truck expenses based on the standard mileage rate.

### 2.  Deduction for Vehicle Expenses Based on Actual Costs (Including Repairs and Maintenance)

Petitioner also claims that she is entitled to deductions for the actual costs of her transportation expenses such as her expenditures for gas, oil, automobile insurance, and repairs and

maintenance.  She provided her 2005 bank statements as evidence of her expenditures.

As a general rule, however, taxpayers are prohibited from claiming deductions for automobile expenses using both the actual cost method and the standard mileage rate.  See Tesar v. Commissioner, T.C. Memo. 1997-207; Rev. Proc. 2004-64, sec. 5.02, 2004-2 C.B. at 900 (taxpayers generally may deduct an amount based on the standard mileage rate or actual costs).  In addition, the Court has concluded that petitioner's evidence was not sufficient to substantiate her claimed deduction based on the standard mileage rate.  Her evidence also does not sufficiently substantiate her claimed deduction based on the actual costs of her transportation expenses.  Petitioner, therefore, is not entitled to her claimed deduction based on the actual costs of her transportation expenses.  See Sanford v. Commissioner, 50 T.C. at 827; Rodriguez v. Commissioner, T.C. Memo. 2009-22.

B.  Parking and Toll Expenses

Parking and toll expenses generally may be deducted as a separate item.  See Rev. Proc. 2004-64, sec. 5.04, 2004-2 C.B. at 900.

Petitioner has provided neither evidence nor argument that she is entitled to her claimed deduction.  The issue is therefore deemed abandoned or conceded.  See Money v. Commissioner, 89 T.C.

46, 48 (1987); see also <u>Stutsman v. Commissioner</u>, T.C. Memo.
1961-109 (and cases cited therein).

      C.  <u>Telephone Expenses</u>

Petitioner explained that she used the telephone in her
apartment for both business and personal calls and to send
business faxes.

Basic service on the first telephone line in a taxpayer's
residence is deemed a nondeductible personal expense.  Sec.
262(b).  Petitioner has neither alleged that she used a dedicated
business line nor shown that her telephone expenses were more
than the basic service on a first telephone line.  Thus, she is
not entitled to any deduction for the use of the telephone in her
apartment.

Petitioner testified that because of limits in the number of
minutes in her T-Mobile cellular telephone calling plan, she used
it exclusively for her translating activity (with the exception
of at most one brief call each month).  She also provided her
2005 bank statements as evidence of the amount of each
expenditure.

Her evidence, however, does not substantiate the amount of
each business use or her total use, the time of each use, or the
business purpose of each use.  See sec. 1.274-5T(b)(6), Temporary
Income Tax Regs., <u>supra</u>.  Accordingly, petitioner is not entitled

to a deduction for cellular phone expenses.  See <u>Sanford v. Commissioner</u>, <u>supra</u> at 827; <u>Rodriguez v. Commissioner</u>, <u>supra</u>.

D.  <u>Advertising and Postage Expenses</u>

At trial petitioner estimated her expenses for advertising at $50 and postage at $30.  Her Form 1040X shows expenses for advertising of $75 and postage of $40.  Bearing heavily against petitioner, whose inexactitude is of her own making, the Court will allow deductions for advertising of $50 and postage of $30. See <u>Cohan v. Commissioner</u>, 39 F.2d at 543-544.

E.  <u>Supplies, Internet, and Computer Expenses</u>

Expenditures for supplies and Internet use are generally deductible under section 162(a).  <u>Verma v. Commissioner</u>, T.C. Memo. 2001-132 (the Internet is a utility expense).  Strict substantiation does not apply, and the Court may apply the <u>Cohan</u> rule to estimate the taxpayer's deductible expense, provided that the Court has a reasonable basis for making an estimate.  See <u>Vanicek v. Commissioner</u>, 85 T.C. at 742-743; <u>Pistoresi v. Commissioner</u>, T.C. Memo. 1999-39.

Petitioner testified that she paid about $14 per month for supplies, such as ink for her printer, and Internet access.  Her bank statements indicate that she paid $12.95 each month for Internet service.  She testified that she used the Internet to exchange business emails and to print directions to her translating assignments.  But she also testified that she used

the Internet for both business and personal activities.  Bearing heavily against petitioner, the Court will allow a deduction of $84 ($14 x 12 (months) x 50% (business use)).

Petitioner testified that she purchased a computer in 2005 for about $948 for use in her translating activity.  She provided her 2005 bank statements as evidence of the amount of her expenditure.

The evidence, however, does not substantiate the amount of each business use or her total use, the time of each use, or the business purpose of each use.  See sec. 1.274-5T(b)(6), Temporary Income Tax Regs., supra.  Nor did she properly elect to expense the computer.  See sec. 179(c) (providing that the election must be made on the taxpayer's return for the year).  She did not attach a Schedule C to her 2005 Form 1040A, and respondent has not accepted her Form 1040X as filed.  See sec. 1.179-5(a), Income Tax Regs.  Accordingly, petitioner is not entitled to a deduction for the computer.

F.  Education, Miscellaneous, and Legal and Professional Services Expenses

Petitioner testified that she did not incur legal or professional business expenses in 2005 and did not explain why she claimed a $250 deduction for such expenses on Form 1040X.  She also failed to present evidence or argument that she is entitled to her deductions for education and miscellaneous expenses.  The Court deems petitioner to have conceded these

issues.  See <u>Money v. Commissioner</u>, 89 T.C. at 48; see also <u>Stutsman v. Commissioner</u>, <u>supra</u>.

    G.   <u>Business Use of Her Home</u>

    Expenses for the business use of a taxpayer's residence are deductible under limited circumstances.  The taxpayer must show that a portion of the residence was exclusively used on a regular basis as his/her principal place of business.  Sec. 280A(c)(1). The term ""'a portion of the dwelling unit'" refers to 'a room or other separately identifiable space;'" a permanent partition marking off the area is not necessary.  <u>Hefti v. Commissioner</u>, T.C. Memo. 1993-128 (quoting section 1.280A-2(g)(1), Proposed Income Tax Regs., 48 Fed. Reg. 33324 (July 21, 1983)).  The term "principal place of business" includes a place of business used by the taxpayer to perform administrative or management activities related to the trade or business if there is no other fixed location of the trade or business where substantial administrative or management activities are undertaken.  Sec. 280A(c)(1).

    Petitioner claims she used 800 of the 1600 square feet of her one-bedroom apartment regularly and exclusively for business. She also testified that her home office consisted of her desk, a computer and a printer, and a fax machine located in the living room of her apartment.

Even though petitioner's translating activity reflects a profit after the Court sustains many of respondent's adjustments, the Court nevertheless concludes that she is not entitled to a home office deduction. Petitioner has not substantiated the amount of her claimed deduction, nor has she established that she satisfies the requirements under section 280A.

III. Accuracy-Related Penalty

In pertinent part, section 6662(a) and (b)(2) imposes an accuracy-related penalty equal to 20 percent of the underpayment that is attributable to a substantial understatement of income tax.[6] A substantial understatement of income tax exists if the amount of the understatement for the taxable year exceeds the greater of 10 percent of the tax required to be shown on the return for the taxable year or $5,000. Sec. 6662(d)(1)(A). The term "understatement" means the excess of the amount of the tax required to be shown on the return for the taxable year over the amount of the tax imposed that is shown on the return less any rebate as defined by section 6211(b)(2). Sec. 6662(d)(2)(A). The amount of the understatement is reduced by the portion of the understatement that is attributable to: (1) The taxpayer's tax

---

[6]Respondent determined an accuracy-related penalty based on a substantial understatement of income tax. In respondent's pretrial memorandum he argued that petitioner was also liable for the accuracy-related penalty based on negligence. Because the Court finds that petitioner substantially understated her income tax, the Court need not discuss whether she was negligent. See sec. 6662(b); Fields v. Commissioner, T.C. Memo. 2008-207.

treatment of the item if there is or was substantial authority for the treatment; or (2) any item if the relevant facts affecting the item's tax treatment are adequately disclosed in the return or in a statement attached to the return and there is a reasonable basis for the taxpayer's tax treatment of the item. Sec. 6662(d)(2)(B).

By virtue of section 7491(c), respondent has the burden of production with respect to the accuracy-related penalty. To meet this burden, respondent must produce sufficient evidence indicating that it is appropriate to impose the penalty. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once respondent meets this burden of production, petitioner must come forward with persuasive evidence that respondent's determination is incorrect. See Rule 142(a); Higbee v. Commissioner, supra.

Respondent satisfied his burden of production under section 7491(c) because the record shows that petitioner substantially understated her income tax for the year in issue and she has not proven that she satisfies the substantial authority or adequate disclosure provisions. See sec. 6662(d)(1)(A), (2)(B); Higbee v. Commissioner, supra at 442.

Section 6664(c)(1), however, provides a defense to the penalty if the taxpayer establishes that there was reasonable cause for the understatement and that she acted in good faith with respect to that portion. Sec. 1.6664-4(a), Income Tax Regs.

The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.  Generally, the most important factor is the extent of the taxpayer's effort to assess the proper tax liability.  Id.  An honest misunderstanding of fact or law that is reasonable considering the taxpayer's education, experience, and knowledge may indicate reasonable cause and good faith.  Id.

Petitioner asserts that she did not report the income and expenses from her translating activity on her 2005 Form 1040A because she did not know how to report business income and expenses and because her business expenses exceeded her business income with the result that she realized a loss from her business.  The Code is certainly complex, but a taxpayer's ignorance of how to report her income and expenses does not provide reasonable cause for failing to include those items on her return.  Respondent's determination is sustained.

To reflect the foregoing,

Decision will be entered

under Rule 155.