T.C. Summary Opinion 2010-79


UNITED STATES TAX COURT


MUHAMMAD AHMED ALVI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15655-08S.           Filed June 21, 2010.


Muhammad Ahmed Alvi, pro se.

<u>Thomas D. Yang</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are whether for 2005: (1) Petitioner's activities constituted separate activities; (2) petitioner's activities were operating as going concerns, and if so, whether expenses attributable to the activities are deductible on Schedule C, Profit or Loss From Business; (3) petitioner is liable for an addition to tax under section 6651(a)(1); and (4) petitioner is liable for an addition to tax under section 6654(a).

## Background

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. When petitioner filed his petition, he resided in Illinois.

On a 2005 Federal income tax return provided to the Court on the date of trial, petitioner reported $4,387 of gross income and $55,067 of total expenses on Schedule C. For 2005 he also reported gross receipts of $17,610 for his work as a physician on Schedule C-EZ, Net Profit From Business.

I.  Petitioner's "Business" Activities

During 2005 petitioner managed several activities under a single "business" name, SkillsSoft.[1]  He hired several employees to develop the activities, and the employees performed work for all of the activities using the same tools, software programs, and resources.

Petitioner's activities encompassed a variety of interests. His activities consisted of:  (1) Edokan, an online retail sales Web site; (2) efattofit.com, a weight loss Web site, designed to assist consumers with determining their body mass index and calculating their body's optimal caloric intake; (3) Desi, a Pakistani language video and music Web site; (4) an individual weight loss software program; (5) a software program for Urdu to English and English to Urdu translation and an Internet-based dictionary; and (6) software for a physician's desk reference guide.

Edokan was the only activity to generate income in 2005.

Petitioner did not develop or reduce to writing a business plan or a written advertising or marketing plan for his

---

[1]Petitioner reported on Schedule C that his activity operated under the name SkillsSoft/Edokan.  He reported his activities on Schedule C as one activity with two separate names, SkillsSoft and Edokan, that comprised a total of six activities. Petitioner described SkillsSoft as a software and Web site development company and Edokan as an online retail company. Consistent with our findings, we refer to SkillsSoft and Edokan as separate activities.

activities. Although he planned to generate revenue through advertising sales, he did not maintain or develop a potential customer list for his activities.

Petitioner incurred considerable expenses developing the activities, including oil and fuel expenses, legal and professional fees, Internet and cable expenses, phone bills, utility expenses, equipment expenses, and other miscellaneous expenses.

Petitioner believed that because expenses for the activities exceeded his income, he was not required to file a Federal income tax return for 2005. He conceded that he earned income of $17,610 as reported on Form 1099-MISC, Miscellaneous Income, but thought that the losses from his activities offset his income for 2005.

II. Notice of Deficiency

Respondent prepared for petitioner a substitute for return for 2005[2] and on the basis of that return issued to petitioner a notice of deficiency. In the notice of deficiency respondent determined a deficiency in petitioner's Federal income tax of

---

[2]Respondent did not demonstrate that the substitute for return constituted a sec. 6020(b) return. See Spurlock v. Commissioner, T.C. Memo. 2003-124.

$3,349 and additions to tax under sections 6651(a)(1) and (2) and 6654(a) of $753.53, $385.14, and $134.34, respectively.[3]

## Discussion

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.[4]  Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).

As a preliminary matter, respondent alleged that petitioner's activities did not constitute a single activity. Accordingly, the Court must first address the threshold issue of whether petitioner's activities constituted a single activity.

## I.  Petitioner's Activities

Multiple undertakings of a taxpayer may be treated as one activity if the undertakings are sufficiently connected.  Sec. 1.183-1(d)(1), Income Tax Regs.  The most important factors in making this determination are the degree of organizational and economic interrelationship of the undertakings, the business purpose served by carrying on the undertakings separately or

---

[3]Respondent has conceded the sec. 6651(a)(2) addition to tax and has requested an increase in the sec. 6651(a)(1) addition to tax.

[4]Petitioner has not claimed or shown that he meets the requirements under sec. 7491(a) to shift the burden of proof to respondent as to any factual issue relating to his liability for tax.

together, and the similarity of the undertakings. Id. The Commissioner generally accepts the taxpayer's characterization of two or more undertakings as one activity unless the characterization is artificial or unreasonable. Id.

Factors considered in determining whether the taxpayer's characterization is reasonable include: (1) Whether the undertakings are conducted at the same place; (2) whether the undertakings were part of the taxpayer's efforts to find sources of revenue from his or her land; (3) whether the undertakings were formed as separate activities; (4) whether one undertaking benefited from the other; (5) whether the taxpayer used one undertaking to advertise the other; (6) the degree to which the undertakings shared management; (7) whether the taxpayer used the same accountant for the undertakings; and (8) the degree to which the undertakings shared books and records. Topping v. Commissioner, T.C. Memo. 2007-92.

Petitioner contends that he operated his activities as a single activity. His employees, operating from a central location in Pakistan, developed the activities interactively, using the same tools, programs, and resources. Petitioner explained that he did not calculate the expenses and revenue of his activities separately, but rather as if operating as one activity. In addition, he maintained that the activities would depend on one another to promote their business because he

planned to use each activity as an advertising base for the other activities.

Although petitioner's employees developed the activities from a central location, the activities themselves vary substantially. Given the unique nature of each activity it is unlikely that the activities operated interdependently or shared a common customer base or clientele. There is no common link as to product or service and there is no indication that the activities generated goodwill for one another.

The Court is unable to conclude, on the basis of the record, that the activities were conducted as one activity despite the central source of operations. They were separate activities which would each generate a unique customer base and advertising clientele. Consequently, the Court addresses separately whether each activity was operating as a going concern during 2005.

Respondent alleges that petitioner's 2005 expenditures were startup expenditures and therefore subject to the limitations of section 195.[5] In the alternative, respondent contends that petitioner failed to conduct his activities with a profit

---

[5]Respondent did not contest that Edokan was operating as a going concern in 2005. Respondent maintains, however, that Edokan was not engaged in for profit and that petitioner's expenses are nondeductible expenses under sec. 162.

objective and that he is therefore excluded from claiming expense deductions except to the extent provided by section 183.[6]

II.  Startup Expenditures

While section 162 generally allows a deduction for ordinary and necessary expenses paid in connection with carrying on a trade or business, the trade or business must be functioning as a business at the time the taxpayer incurred the expenses.  Hardy v. Commissioner, 93 T.C. 684, 687 (1989), affd. in part and remanded in part per order (10th Cir., Oct. 29, 1990); Woody v. Commissioner, T.C. Memo. 2009-93; Glotov v. Commissioner, T.C. Memo. 2007-147; sec. 1.162-1(a), Income Tax Regs.  For this purpose, "A taxpayer is not carrying on a trade or business under section 162(a) until the business is functioning as a going concern and performing the activities for which it was organized."  Glotov v. Commissioner, supra.  Until that time, expenses related to the activity are not ordinary and necessary expenses deductible under section 162 or section 212 (expenses incurred for the production of income), but instead are "start-up" or "pre-opening" expenses.  Hardy v. Commissioner, supra at 687-688.

_____

[6]Respondent considered the possibility that petitioner's software development activities may qualify for sec. 174 treatment.  Petitioner has not shown that any of his software development expenses warranted sec. 174 treatment; accordingly, the Court deems any argument as to sec. 174 treatment waived. See Money v. Commissioner, 89 T.C. 46, 48 (1987); Stutsman v. Commissioner, T.C. Memo. 1961-109.

Section 195(a) provides that, except as otherwise provided therein, no deduction is allowed for startup expenditures. See also Hardy v. Commissioner, supra at 687-693. Section 195(c)(1) defines startup expenditures to mean any amount paid or incurred in connection with (i) investigating the creation or acquisition of an active trade or business, or (ii) creating an active trade or business, or (iii) any activity engaged in for profit and for the production of income before the day on which the active trade or business begins, in anticipation of becoming an active trade or business, and which if paid or incurred in connection with the operation of an existing active trade or business would be allowed as a deduction for the taxable year in which paid or incurred.

Therefore, the threshold issue is whether petitioner completed the startup phase and became actively engaged in a trade or business during 2005. Courts have adopted a facts and circumstances test focusing on whether the taxpayer has satisfied all of the following three factors: (1) Whether the taxpayer undertook the activity intending to earn a profit; (2) whether the taxpayer was regularly and actively involved in the activity; and (3) whether the taxpayer's activity had actually commenced. See Woody v. Commissioner, supra; McManus v. Commissioner, T.C. Memo. 1987-457, affd. without published opinion 865 F.2d 255 (4th Cir. 1988).

A. <u>SkillsSoft</u>

Petitioner testified that SkillsSoft's services were available to the public in 2005. He admitted, however, that SkillsSoft was focused on demonstrating its expertise as a software development company. SkillsSoft created the Web sites for and developed petitioner's own activities in order to show potential clients that it was capable of providing efficient and cost-effective software development services.

In order for a taxpayer to be carrying on a trade or business, however, the business must function as a going concern and its services must be held out to the public. <u>Walsh v. Commissioner</u>, T.C. Memo. 1988-242, affd. without published opinion 884 F.2d 1393 (6th Cir. 1989). SkillsSoft's activity consisted of creating and building petitioner's own activities. There is no credible evidence, beyond petitioner's testimony, that SkillsSoft's services were actually being held out to the general public.

B. <u>Desi, Efattofit.com, Online Dictionary, Software Development</u>

Petitioner testified that Desi, efattofit.com, the online dictionary, and the software development associated with his activities were operating during 2005. Nevertheless, he admitted that SkillsSoft was still developing these activities during 2005. He presented no further evidence to corroborate his testimony that these activities were operating in 2005 and the

Court is unable to conclude that these activities were operating as a going concern, open to the public during 2005 or that they commenced business operations in 2005. Consequently, the expenses associated with these activities are nondeductible startup expenditures.[7]

III. Edokan

    A. Engaged In for Profit

    To be engaged in a trade or business within the meaning of section 162, petitioner must show not only that his primary purpose for engaging in the activity was for income or profit but also that he engaged in the activity with "continuity and regularity". Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987). An examination of the facts and circumstances of each case is necessary to determine whether a taxpayer is carrying on a trade or business. See id. at 36.

    Section 183(a) provides that if an activity is not engaged in for profit, no deduction attributable to the activity shall be allowed except as provided in section 183(b). Section 183(b)(1) authorizes a deduction for any expense that otherwise is allowable, regardless of profit objective. Section 183(b)(2) authorizes a deduction for expenses that would be allowable if

---

[7]Because we find that petitioner's expenses were nondeductible startup expenditures for 2005, we need not discuss whether petitioner's activities were entered into with a profit objective or whether petitioner substantiated the expenses associated with those activities.

the activity were engaged in for profit, but only to the extent that gross income attributable to the activity exceeds the deductions permitted by section 183(b)(1). Section 183(c) defines "activity not engaged in for profit" as "any activity other than one with respect to which deductions are allowable for the taxable year under section 162 or under paragraph (1) or (2) of section 212."

Section 1.183-2(b), Income Tax Regs., sets forth a nonexclusive list of factors to be considered in determining whether a taxpayer has the requisite profit objective. The factors are: (1) The manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or loss with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayer; and (9) elements of personal pleasure or recreation. No single factor is determinative, and not all factors are applicable in every case. See Allen v. Commissioner, 72 T.C. 28, 34 (1979); sec. 1.183-2(b), Income Tax Regs.

Petitioner hired several employees, including a manager who prepared reports on and managed Edokan operations in Pakistan. He also maintained a separate bank account for Edokan and kept extensive business records separate and apart from his personal records. The Court is satisfied that petitioner has demonstrated that he operated Edokan with a profit objective during 2005.

B. Edokan Business Expense Deductions

Deductions are strictly a matter of legislative grace, and taxpayers must satisfy the specific requirements for any deduction claimed. See INDOPCO, Inc. v. Commissioner, 503 U.S. at 84; New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers bear the burden of substantiating the amount and purpose of any claimed deduction. See Hradesky v. Commissioner, 65 T.C. 87 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Section 162(a) allows a deduction for all ordinary and necessary expenses paid or incurred by a taxpayer in carrying on any trade or business. An expense is considered ordinary if commonly or frequently incurred in the trade or business of the taxpayer. Deputy v. du Pont, 308 U.S. 488, 495-496 (1940). An expense is necessary if it is appropriate or helpful in carrying on a taxpayer's trade or business. Commissioner v. Heininger, 320 U.S. 467, 471 (1943); Welch v. Helvering, 290 U.S. at 113.

A taxpayer must maintain records sufficient to substantiate the amounts of the deductions claimed. Sec. 1.6001-1(a), Income Tax Regs. If a taxpayer establishes that an expense is deductible but is unable to substantiate the precise amount, we may estimate the amount, bearing heavily against the taxpayer whose inexactitude is of his own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). The taxpayer must present sufficient evidence for the Court to form an estimate because without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

Petitioner provided extensive records of the expenses associated with his activities, several of which relate to Edokan expenses. Expenses related to Edokan's business during 2005 consisted primarily of expenses for retail items,[8] most notably dresses and similar retail items. During 2005 he used two currencies for the purchase of retail items, the Pakistani rupee and the U.S. dollar. The Court is satisfied that petitioner has

---

[8]Sec. 263A provides the rule for inclusion in inventory costs of certain expenses, specifying that goods purchased for resale shall be included in inventory costs. Sec. 263A(a)(1), (b). Under sec. 263A petitioner's Edokan expenses are properly allocable as inventory costs. But sec. 263A(b)(2)(B) provides an exception to the inventory reporting requirements for taxpayers with gross receipts of $10 million or less. Petitioner's gross receipts for 2005 did not exceed $10 million; accordingly, he was not subject to the inventory reporting requirements of sec. 263A.

presented sufficient evidence substantiating the following retail

expenses payable in rupees:

|  | Price | |
| Purchase Date | Rupees | Dollars[1] |
| 8/8/05 | Rs 13805 | $231.12 |
| 8/18/05 | 503 | 8.42 |
| 8/24/05 | 36825 | 616.85 |
| 11/8/05 | 7000 | 117.21 |
| 11/22/05 | 9245 | 154.26 |
| 11/25/05 | 650 | 10.88 |
| Total | 68,028 | 1,138.74 |

[1]Rupees were converted to dollars using the exchange rate
for the specified date on www.oanda.com.  See http://www.oanda.
com/currency/converter/.

Petitioner further substantiated $2,731 of retail expenses

payable in dollars.  The Court finds that petitioner is entitled

to a business expense deduction of $3,869.74.

Petitioner incurred additional expenses during 2005, a

portion of which may be properly allocable to Edokan's operation.

But petitioner did not provide sufficient evidence to permit an

estimate of the expenses that are properly allocable to Edokan.

Consequently, petitioner is entitled only to those expenses that

are clearly allocable to Edokan, e.g., retail purchases, as

discussed above.

IV.  Additions to Tax

A.  Section 6651(a)(1) Addition to Tax[9]

Section 6651(a)(1) imposes an addition to tax for failure to file timely a return.[10]  The addition to tax under section 6651(a)(1) does not apply if the failure to file timely is due to reasonable cause and not willful neglect.  Sec. 6651(a)(1).  A failure to file a timely Federal income tax return is due to reasonable cause if the taxpayer exercised ordinary business care and prudence and nevertheless was unable to file the return within the prescribed time.  Barkley v. Commissioner, T.C. Memo. 2004-287; sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  Willful neglect means a conscious, intentional failure or reckless indifference.  United States v. Boyle, 469 U.S. 241, 245 (1985).

Section 7491(c) imposes on the Commissioner the burden of production in any court proceeding with respect to the liability of any individual for additions to tax.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001); Trowbridge v. Commissioner, T.C. Memo. 2003-164.  In order to meet the burden of production, the Commissioner need only make a prima facie case that imposition of

---

[9]Respondent conceded the sec. 6651(a)(2) addition to tax and consequently seeks an increased amount under sec. 6651(a)(1).

[10]The addition to tax imposed under sec. 6651(a)(1) is equal to 5 percent of the amount of tax required to be shown on the return, with an additional 5 percent to be added for each month or partial month during which the failure to file timely a return continues, not to exceed 25 percent in the aggregate.

the addition to tax is appropriate.  Higbee v. Commissioner, supra at 446.  Petitioner's 2005 return was due on April 15, 2006, and was not filed until October 29, 2009.  Therefore, respondent has met his burden of production.[11]

Petitioner believed, on the basis of his purported business expenses, that he did not have taxable income for 2005 and therefore was not under an obligation to file a return for that year.  Petitioner introduced no other legally sufficient reason for his failure to file a timely return and has not otherwise demonstrated reasonable cause for his failure to timely file his return as required by section 6651(a)(1).  Accordingly, respondent's determination of an addition to tax under section 6651(a)(1) is sustained.

B.  Section 6654(a) Addition to Tax

Section 6654(a) imposes an addition to tax on an individual taxpayer who underpays his estimated tax.  The addition to tax is calculated with reference to four required installment payments of the taxpayer's estimated tax liability.  Sec. 6654(c)(1).

_____

[11]Respondent sought an increase in the sec. 6651(a)(1) addition to tax and bears the burden of proof with regard to any increased deficiency.  See Rule 142(a).  The amount of the sec. 6651(a)(1) addition to tax, however, is a computational matter and is based on the amount of tax due.  To the extent respondent bears the burden of proving an increased sec. 6651(a)(1) addition to tax, respondent has met his burden because the record shows that petitioner is liable for an increased deficiency. Bhattacharyya v. Commissioner, T.C. Memo. 2007-19 n.19.

Each required installment of estimated tax is equal to 25 percent of the required annual payment. Sec. 6654(d)(1)(A). The required annual payment is equal to the lesser of: (1) 90 percent of the tax shown on the individual's return for that year (or, if no return is filed, 90 percent of his or her tax for such year); or (2) if the individual filed a return for the immediately preceding taxable year, 100 percent of the tax shown on that return. Sec. 6654(d)(1)(B).

Respondent bears the burden of production to show that petitioner had an estimated tax payment obligation, which includes whether a return was filed for the preceding year. Sec. 7491(c); Wheeler v. Commissioner, 127 T.C. 200, 211-212 (2006), affd. 521 F.3d 1289 (10th Cir. 2008). Petitioner did not file a return for 2004; therefore, respondent has satisfied his burden of production.

Because petitioner failed to file a Federal income tax return for 2004, his required annual payment for 2005 is equal to 90 percent of the tax for 2005, which was payable in installments under section 6654. See sec. 6654(d)(1)(B). Petitioner did not make any estimated income tax payments for 2005 and has failed to present any evidence or argument that an exception applies. Consequently, the Court sustains respondent's determination of the failure to pay estimated tax addition to tax under section 6654.

To reflect the foregoing,

Decision will be entered

under Rule 155.
